## Bush v. Commonwealth.

### (Decided March 13, 1923.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Jury is Final Arbiter of Credibility of Witnesses.—The jury is the sole and final arbiter of the credibility of the witnesses and of the weight of the evidence, even though the testimony of the prosecuting witnesses upon which the conviction was based appears to the Court of Appeals to be unreasonable.

2. Witnesses—Notary Public May Administer Oath to Witnesses Under Direction of Court.—Under Kentucky Statutes, sections 380, 395, 3721, 3754, authorizing notaries public to administer the oath to witnesses about to give depositions and in other matters, a notary public may administer the oath to the witnesses in a criminal prosecution if he does so in the presence of the court and under his direction; such authority not being denied but supported by Civil Code, sections 549, 562, and 671.

3. Witnesses—Oath Need Not be Administered by Legally Appointed Officer of the Court.—The power to administer oaths to witnesses in the trial of cases need not be expressly given by statute, but is implied in the jurisdiction to try cases and receive the testimony of witnesses, and the oath may be administered by the judge himself or by any one under his direction and in his presence in open court; it being unnecessary that the person who administers it should be a legally appointed officer of the court.

GEORGE G. BUCKINGHAM for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

This is an appeal by Roy Bush from a judgment of conviction for the crime of having carnal knowledge of a girl under the age of sixteen years, his punishment being fixed at confinement in the state penitentiary for a term of ten years.

Appellant Bush is a man past forty. The evidence for the Commonwealth shows that the prosecuting witness, Florence E. Perry, was only about fifteen years of age at the time of the trial. Florence lived with her mother in Indiana. Appellant Bush was a farm hand in the employment of Mrs. Perry. They were all residents of Indiana. The evidence tends to prove that while appellant was in the employ of Mrs. Perry they became

intimate and that illicit relations continued between them for some time. Later appellant became intimate with the daughter Florence, who is now the prosecuting witness, and while he was working on the farm of the mother kept up his illicit relations with the daughter for several months, during which time she became pregnant. When the mother learned of this she and appellant Bush agreed that the Perrys should move to Louisville and take a furnished room until the child was born. Accordingly they engaged a room on West Jefferson street in Louisville and took up their residence there, while appellant continued to look after the farm in Indiana. On May 6, 1922, and only about three weeks before the birth of the child, Florence Perry and her mother testify that appellant came from his home in Indiana, bringing certain articles of food, and remained with them in Louisville at least a part of the day and that while the mother was down town he forced the daughter to have sexual intercourse with him. Florence testifies that she was very badly frightened by his threats of personal violence to her in case she refused, and that while she was under duress she did yield and that he had sexual intercourse with her in Louisville. This is the only act of sexual intercourse, which it is claimed by the Commonwealth, took place in Kentucky, and therefore the only one upon which it could rely for conviction. Unreasonable as this evidence given by the two prosecuting witnesses appears to the court to be, the jury found appellant guilty. It was the sole and final arbiter of the credibility of the witnesses and the weight of the evidence.

He filed motion and grounds for new trial in which he set forth the following alleged errors: (1) The court erred in the admission of incompetent evidence; (2) all of the evidence against this appellant was incompetent inasmuch as it was not sworn testimony or given under oath administered by one authorized to administer an oath; (3) the verdict is the result of passion and prejudice and not supported by the evidence; (4) error in the instructions.

In his brief appellant abandons all said grounds except the one based upon the assertion that the witnesses were not sworn by a person having authority to administer an oath to witnesses in court. It is the contention of appellant that none of the witnesses for the Commonwealth were sworn, or at least none of them was

under legal oath. He asserts that if the evidence given by the witnesses for the Commonwealth had been false, and each of them had been indicted for false swearing, they could not have been convicted because they were not sworn by an officer having the right to administer an oath to witnesses in open court. The witnesses were sworn by a notary public who was acting in some capacity in the court. While the circuit judge and a deputy clerk were present at the time the witnesses were sworn, the notary was directed by the court to swear them and did do so, and this is the sole ground of complaint. By our statute and Code provisions notaries public may administer oath to witnesses about to give depositions and in other matters. The sections of the statute relied upon by appellant are 3721, 3754, 380 and 395, no one of which in anywise supports his contention. He also relies upon sections 549, 562 and 671 of the Civil Code, but neither of these sections supports his contention that a notary public may not swear witnesses, but on the contrary supports the view that notaries public may administer oath to witnesses.

In discussing the question of who may administer an oath in open court, 20 R. C. L., p. 505, says: "It is fundamental that every court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction. Therefore, it is not necessary that there should be a statute empowering courts to administer oaths in the trial of cases. The power is implied in the jurisdiction to try cases and to receive the testimony of witnesses under oath. The judge himself may administer oath, or he may direct anyone in his presence in open court to administer it and the oath will be valid. State v. Townley, 67 Ohio State 21; 93 Am. St. Reports 636 and notes. Inasmuch as an oath derives its sanction and validity from the circumstance that it is duly administered in open court, with the approval and under the control of the judge presiding, it is not necessary that the person who thus administers it should be a legally appointed officer of the court." Hord v. Com., 4 Leigh (Va.) 674.

Applying this general rule it would seem that notaries public or any other person authorized to admisinter oaths may under the direction of the trial judge administer the oath to the witnesses for the Commonwealth. Even aside from this rule, it appears that our statutory and Code provisions are sufficient, when read together, to

authorize a notary public to administer oaths to witnesses in open court if allowed or directed to do so by the court. While not deciding the question, we have no doubt that a witness so sworn could be convicted of false swearing who when testifying knowingly gave false evidence.

There was sufficient evidence to carry the case to the jury and to support the verdict. While there was much incompetent and irrelevant evidence introduced upon the hearing, it was largely if not entirely called forth by counsel for appellant, or was introduced without objection from him.

There appearing no substantial reason for a reversal of the judgment, it is affirmed.

Judgment affirmed.