STATE, Plaintiff in error, v. SABIN, Defendant in error.†

*No. 75-612-CR. Submitted on briefs June 2, 1977.—*
*Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 320.)

† Motion for rehearing denied, without costs, on October 18, 1977.

For the plaintiff in error the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

For the defendant in error the cause was submitted on the briefs of *Howard B. Eisenberg,* state public defender, and *Melvin F. Greenberg,* assistant state public defender.

ROBERT W. HANSEN, J. Plaintiff in error, the State of Wisconsin, appeals an order dismissing a criminal complaint charging defendant in error Steven S. Sabin,

hereafter defendant, with the taking and driving of the automobile of another without consent, contrary to sec. 943.23, Stats. The automobile belonged to defendant's wife's father. The trial court dismissed the complaint at the preliminary hearing on grounds the state failed to show probable cause that a crime had been committed. Dismissal followed the trial court's excluding, as being within the husband-wife privilege (sec. 905.05, Stats.), any testimony by the wife of defendant as to (1) his telling her that he was going to work; (2) his taking the keys to the car belonging to the wife's father from a table in the home; and (3) the wife's observing the husband outside the apartment getting into her father's car and driving off. Appeal is here proper, this court having recently held: "If an error of law is made at a preliminary hearing which results in a final order which is prejudicial to the state, the final order is appealable." *State v. Antes,* 74 Wis.2d 317, 323, 246 N.W.2d 671 (1976).

As to the wife's observation through a window of her husband starting the car in question and driving off, we hold the husband-wife privilege does not there apply. Under these circumstances, particularly with no claim that the husband even knew his wife was watching, we find his entering the car and driving off not to be a communication at all, much less a private communication under sec. 905.05(1), Stats.

In construing this statute and defining its reach, our court recently held: " '[P]rivate communications' are not limited to oral or written exchanges but may also include expressive acts which are intended to convey information of a privileged character." *Muetze v. State,* 73 Wis.2d 117, 125, 243 N.W.2d 393 (1976). Getting behind the wheel of a parked car in the street or in a driveway and driving off is not such an expressive act, "intended to

convey information of a privileged character" to the wife.

Defendant contends that a third person must also have viewed the starting of the car in order to destroy the privilege. The presence or hearing of a third person does destroy the privileged nature of an otherwise privileged "private communication" between husband and wife. *Abraham v. State,* 47 Wis.2d 44, 53, 176 N.W.2d 349 (1970). However, here the testimony of the wife as to what she saw occurring in plain view on the public street, if it could be described as a "communication" at all, did not "relate to facts not equally accessible to third persons." *See, Kain v. State,* 48 Wis.2d 212, 216, 179 N.W. 2d 777 (1970), our court holding: "A communication between spouses is not 'private' where a third party has access to the same information." *Id.* at 216. Here the act of getting into the car parked on a public street and driving off was not "private" and not a "communication" between husband and wife. Testimony by the wife concerning her observation of what was in public view was therefore improperly excluded.

As to the defendant's earlier statement to his wife—made in their home with no one else present—that he was going to work, we agree with the trial court and defendant on appeal that this was a "private communication" between husband and wife under the statute. Sec. 905.05, Stats. However, whether it is highly material on a charge of this defendant's having operated the wife's father's car without the owner's consent is another matter.

As to the defendant's taking the keys to the father-in-law's car off the table in the presence of his wife only, we hold that the husband-wife privilege attaches. As was

stated in *Muetze v. State, supra,* where the husband took his wife to the basement to show her stolen property, "[T]he defendant's action . . . when considered together with his statements, was such an 'expressive act' as would constitute a 'private communication' within the meaning of the statute." 73 Wis.2d at 125.

As an alternative ground, the state argues that the husband's statement and taking of the keys come within the exception to the husband-wife privilege exempting "proceedings in which one spouse or former spouse is charged with a crime against the person or property of the other or of a child of either." Sec. 905.05(3)(b), Stats. If the state had charged that while ownership of the car remained with the wife's father the complete control of its operation had been delegated to the owner's daughter as bailee or lessee, the issue of the applicability of the sec. 905.05(3)(b) exemption would be before us. However, here the state charges only that the automobile was operated by defendant without the consent of the owner, the wife's father, making consent or lack of consent to its operation by the owner's daughter immaterial and irrelevant. Thus in this case, on this criminal complaint and dealing only with the situation here presented, we hold the exemption statute, sec. 905.05(3)(b), Stats., is not here applicable.

*By the Court.*—Order reversed, and cause remanded for further proceedings not inconsistent with this opinion.