STATE of Wisconsin, Plaintiff-Respondent,

v.

Brad DONEY, Defendant-Appellant.

Court of Appeals

*No. 82–1861–CR. Submitted on briefs May 31, 1983.—
Decided July 26, 1983.*

For the appellant the cause was submitted on the briefs of *Richard J. Krueger* and *Krueger, Leege & Delforge* of Oconto.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J. Brad Doney appeals from a judgment convicting him of being a party to the crime of possession of marijuana with intent to deliver. He argues that the state is required to show the commission of a crime by another in order to convict him as a party to the crime, that the trial court erred in allowing Doney's wife to testify against him and in permitting her to refuse to identify the person who sold the drugs, and in allowing the state to present evidence of Doney's reputation as a drug user and seller. Because we conclude that the state is not required to prove that Doney's wife was convicted of a crime before it could convict him as a party to the crime, that the marital privilege does not exclude Doney's wife's testimony, that the court properly allowed Doney's wife to refuse to identify the seller, and that evidence of Doney's reputation as a drug user and seller was not prejudicial, we affirm the judgment.

The state was not required to prove that Doney's wife was convicted of a crime before it could convict him as a party to the crime. An aider and abettor may be convicted as a party to a crime even though the principal was not identified or convicted. *State v. Shears*, 68 Wis. 2d 217, 240, 229 N.W.2d 103, 115 (1975). The evidence adduced at trial demonstrates beyond a reasonable doubt that a large quantity of marijuana was found in Doney's wife's house. Her testimony establishes that he aided and abetted, conspired, and was a principal in the crime of possession of marijuana with intent to deliver.

Doney's wife's testimony was not privileged under sec. 905.05, Stats., because it relates to an agency relationship between them. The marital privilege statute does not apply to communications between spouses who

conspire to act as agents for each other in an unlawful transaction. Section 905.05 (4), Stats; *see also Muetze v. State,* 73 Wis. 2d 117, 128, 243 N.W.2d 393, 298 (1976). Where both spouses are substantial participants in patently illegal activities, the marital privilege does not extend to protect either spouse from the testimony of the other. *United States v. Kahn,* 471 F2d 191, 194 (7th Cir 1972) *revd on other grounds,* 415 U.S. 143 (1974).

The conversations Doney's wife testified to also were not induced by the marital relationship. They were nothing more than exchanges between partners in crime discussing business matters of interest to the parties as criminals, not as spouses. She testified that she and Doney were engaged in a joint business venture, jointly shared responsibility and control over the paraphernalia used in the business, and were authorized to sell drugs on each other's behalf. Doney argues that sec. 905.05 (3) (d), Stats., excluding matters within the scope of an agency relationship from the marital privilege, is inapplicable because the state failed to prove a principal-agent relationship. This statute does not recognize the technical distinctions between principal and agent, business partners, or co-conspirators. A co-conspirator is an agent in a criminal venture. *United States v. Price,* 577 F2d 1356, 1364 (9th Cir 1978) Persons who enter into a conspiracy become ad hoc agents for one another. *Id.* at 1364–65 n 12. The marital privilege does not protect a person from incriminating testimony by an agent-co-conspirator merely because the witness is his spouse.[1]

---

[1] Some of Doney's wife's testimony also relates to conversations in the presence of third persons. These communications are no longer "private," and they are not protected by the marital privilege. *State v. Sabin,* 79 Wis. 2d 302, 306, 255 N.W.2d 320, 322 (1977).

The court did not err in allowing Doney's wife to refuse to identify the person who sold her or them the marijuana. She testified that she was afraid to divulge his name. She believed she knew nothing more about this individual than Doney did. It is clear from the record that Doney already knew the identity of the "pusher." He admitted being at the person's home and identified him by name. He mentioned that the individual had two children and stated that he would be able to find the home again if he had to. Under the circumstances, the court properly balanced concern for the safety of the witness with Doney's right to extract information he already had and properly allowed the witness to refuse to answer.

The error in admitting the testimony of police officers that Doney had a reputation as a drug user and dealer was harmless. In response to Doney's evidence that he had a reputation for honesty, integrity, and truthfulness, the state presented testimony that he had a reputation as a drug user and dealer. While this testimony was not admissible to rebut testimony relating to Doney's reputation for truthfulness, he was not prejudiced by admission of the testimony. The officers admitted that their reputation opinions were based on rumor and secondhand information. Doney admitted that he had been a drug user. The testimony that he had a reputation as a drug dealer was not prejudicial in light of the testimony that he sold drugs on numerous occasions. The rebuttal witnesses merely told the jury what it already knew from other competent evidence and admissible testimony.

*By the Court.*—Judgment affirmed.