IN RE the MARRIAGE OF: Marilyn L. LIPPSTREU, Petitioner-Appellant,

v.

William W. LIPPSTREU, Respondent.†

Court of Appeals

*No. 84–187. Submitted on briefs July 8, 1985.— Decided July 11, 1985.*
(Also reported in 373 N.W.2d 53.)

For the petitioner-appellant the cause was submitted on the brief of *David E. Joanis* and *Joanis, Davis, Alban & Joanis* of La Crosse.

For the respondent the cause was submitted on the brief of *Terence R. Collins* and *Cameron, Nix, Collins & Quillin, Ltd.* of La Crosse.

Before Gartzke, P.J., Dykman, and Eich, JJ.

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

EICH, J. Marilyn Lippstreu appeals from an order denying her petition to revise that portion of a 1973 divorce judgment awarding her limited maintenance. The issue is whether the trial court erred in determining that the appellant failed to file the petition within the time allotted by law. Because we agree that the petition was not timely filed, we affirm.

The trial court's determination—whether the facts fulfill the legal standard of timeliness—is one of law. *Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357, 361 (1983). We review it *ab initio,* without paying any special deference to the trial court's determination. *DePratt v. West Bend Mut. Ins. Co.,* 113 Wis. 2d 306, 310, 334 N.W.2d 883, 885 (1983).

The facts are not in dispute. A 1973 divorce judgment directed respondent to pay the appellant $500 per month for three years, and $400 per month for the following seven years, as limited maintenance. Payments were to be made "on the 1st day of each month, commencing November 1, 1973." Respondent made his final payment on October 1, 1983, and it does not appear that any arrearages are owing. On October 20, 1983, appellant petitioned to extend the maintenance.

Section 767.32 (1), Stats., authorizes trial courts to revise divorce judgments "respecting the amount of . . . maintenance." In *Dixon v. Dixon,* 107 Wis. 2d 492, 508, 319 N.W.2d 846, 854 (1982), the supreme court construed that section to permit revision of limited as well as indefinite maintenance as long as the petition for revision is filed "before the termination date of the limited maintenance payments set forth in the judgment." The trial court, relying on this language, concluded that because the "[p]lain language of the judgment calls for 120 payments, the last of which was October 1, 1983," appellant's petition, filed October 20, 1983, was untimely.

Appellant points out, however, that in the next sentence in *Dixon,* the court states its ruling in terms of the termination date of "maintenance," rather than the termination date of the maintenance "payments." Appellant argues (without elaboration) that regardless of the time of payment, the "maintenance" continues to November 1, 1983, and because her petition was filed prior to that date, it is timely under *Dixon.*

While the supreme court offered no reason for its reference to termination of "maintenance payments" in one breath and termination of "maintenance" in the next, it is a distinction without a difference. The maintenance statutes under consideration in *Dixon*—secs. 767.26 and 767.32, Stats.—both speak in terms of "maintenance payments." Moreover, the 1973 judgment ordered respondent to pay appellant maintenance for ten years in stated monthly payments. The payments were due on the first of each month, and the first was to be made on November 1, 1973. Ten years is one hundred twenty months, and the respondent made his one hundred twentieth monthly payment on October 1, 1983. This was the termination date of the maintenance payments or the maintenance obligation within the meaning of *Dixon.* Because appellant did not file the petition for revision until October 20, 1983, the trial court correctly dismissed it.

Accordingly, we affirm the order of the trial court.

*By the Court.*—Order affirmed.

Gartzke, P.J. (*dissenting*). The petition was timely filed. In family law, support is normally paid in advance. Otherwise the recipient would lack income from the date the right to support begins until the first payment. Nothing in the judgment before us indicates a different intent. Consequently, the period of limited alimony or maintenance terminated on October 30, 1983. The petition was filed before that date.

*Dixon v. Dixon,* 107 Wis. 2d 492, 319 N.W.2d 846 (1982), is not to the contrary. The appeal in *Dixon* was from the divorce judgment itself. The pertinent issue was whether the judgment could prohibit modification of a limited maintenance award. The ambiguities in the opinion regarding the time to seek modification show that the court had not thought of the point before us.