STATE of Wisconsin, Plaintiff-Respondent,
v.

William N. JOHNSTON, Defendant-Appellant.†

Court of Appeals

*No. 86-0359-CR. Submitted on briefs June 4, 1986.—Decided August 26, 1986.*

(Also reported in 394 N.W.2d 915.

†Petition to review denied.

For the defendant-appellant, there was a brief submitted by *Steven P. Weiss*, assistant public defender.

For the plaintiff-respondent, there was a brief submitted by Susan M. Zabel, assistant district attorney, of Barron county.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   William Johnston appeals his conviction for false swearing.[1] Johnston argues that he was not under oath when he uttered the false statements because the clerk was not lawfully empowered to administer the oath. He also contends that his wife's testimony should have been excluded because it related to a private marital communication protected under sec. 905.05, Stats. We disagree and affirm the judgment.

The material facts are undisputed. Johnston was on trial for a first offense of operating a motor vehicle while intoxicated. During that trial, Johnston was called as an adverse witness. In the trial court's presence and under its direction, Johnston was sworn in by the clerk of court who was not a notary public. Johnston was asked several times whether he had consumed any alcoholic beverages that day, and he replied that he had not. Before leaving the courtroom, Johnston was arrested and escorted to the sheriff's office where a breathalyzer test indicated his blood alcohol content to be 0.18%. The state later charged Johnston with false swearing.[2] At the trial, Johnston's wife testified that she had observed Johnston consume several alcoholic beverages in their home on the day of and prior to the drunk driving trial.

---

[1]  Section 946.32(2) provides:

> Whoever under oath or affirmation makes or subscribes a false statement which the person does not believe is true is guilty of a Class A misdemeanor.

[2] Materiality is not required for conviction under the false swearing statute. *See State v. Devitt*, 82 Wis.2d 262, 274, 262 N.W.2d 73, 79 (1978).

When material facts are undisputed, the question presented on appeal is one of law. *See State v. Williams*, 104 Wis.2d 15, 21–22, 310 N.W.2d 601, 604–05 (1981). Moreover, the interpretation of a statute and its application to an undisputed set of facts are questions of law. *Glover v. Marine Bank*, 117 Wis.2d 684, 691, 345 N.W.2d 449, 452 (1984). A reviewing court decides questions of law without deference to the decision of the trial court. *Pabst Brewing Co. v. City of Milwaukee*, 125 Wis.2d 437, 444, 373 N.W.2d 680, 684 (Ct. App. 1985). Accordingly, we will examine Johnston's arguments ab initio. *See Lippstreu v. Lippstreu*, 125 Wis.2d 415, 416, 373 N.W.2d 53, 54 (Ct. App. 1985).

First, Johnston argues that he was not under oath at the drunk driving trial because the clerk who administered the oath was not empowered by law to do so. He reasons that if he was not under oath, then he could not be convicted of false swearing, and the judgment must be reversed. In support of his argument, Johnston contends that sec. 887.01(1), Stats.,[3] not only fails to autho-

---

[3] Section 887.01(1) provides:

Oaths, who may administer. (1) Within the State. An oath or affidavit required or authorized by law, except oaths to jurors and witnesses on a trial and such other oaths as are required by law to be taken before particular officers, may be taken before any judge, court commissioner, resident U.S. commissioner who has complied with s. 706.07, clerk, deputy clerk or calendar clerk of a court of record, notary public, town clerk, village clerk, city clerk, municipal judge, county clerk or the clerk's deputy within the territory in which the officer is authorized to act, school district clerk with respect to any oath required by the elections laws; and, when certified by the officer to have been taken before him or her, may be read and used in any court and before any officer, board or commission. Oaths may be administered by any person mentioned in s. 885.01(3) and (4) to any witness examined before him or her.

rize, but also explicity prohibits a clerk from administering an oath to a witness. Section 887.01(1) in part provides:

An oath ... required or authorized by law, *except oaths to jurors and witnesses on a trial* ... may be taken before any judge, .... clerk, deputy clerk or calendar clerk of a court of record ... [Emphasis added].

Johnston misinterprets sec. 887.01(1). The primary source for the construction of a statute is the language of the statute itself. *State v. Burkman*, 96 Wis.2d 630, 638, 292 N.W.2d 641, 645 (1980). When the language is unambiguous, no judicial rule of construction is permitted, and a court must give effect to the statute's plain meaning. *City of Milwaukee v. Lindner*, 98 Wis.2d 624, 632, 297 N.W.2d 828, 832 (1980). Here, the plain meaning of sec. 887.01 is not to prohibit a clerk from administering oaths to witnesses but, rather, to allow the named officials to administer other oaths and affidavits required or authorized by law. If we followed Johnston's interpretation, even judges would not be allowed to administer oaths to witnesses. Johnston is correct, however, that there is no Wisconsin statute specifically authorizing a clerk of court to administer oaths to witnesses.

In Wisconsin, the acts of a clerk of court are ministerial and clerical, and the clerk may not exercise judicial power except in accordance with the strict language of a statute conferring such power. *State v. Dickson*, 53 Wis.2d 532, 541-42, 193 N.W.2d 17, 22 (1972). In *Dickson*, the supreme court held that the clerk of court could not over his own signature issue a directive having the

authority and dignity of a court order. *Wisconsin Lumber & Supply Co. v. Dahl*, 214 Wis. 137, 142, 252 N.W. 714, 716 (1934), held that, in the absence of a specific grant of power, a clerk of court could not authorize the calendaring of cases for trial. The supreme court, however, left open the question of whether the trial court could grant such authority by a rule of court. *Id.* In *Pacific National Fire Insurance Co. v. Irmiger*, 254 Wis. 207, 211-12, 36 N.W.2d 89, 92 (1949), the supreme court held that the clerk was not authorized under the statutes to enter a judgment on the verdict since a determination as to the proper judgment to be entered requires the exercise of judicial power and the performance of a judicial act. Because the Wisconsin legislature has not specifically authorized the clerks of court of their deputies to administer oaths to witnesses, we must next determine whether the trial court may delegate this responsibility under its inherent powers.

It is well recognized that a court possesses inherent powers essential to its existence and necessary to further the orderly and efficient exercise of the court's jurisdiction. *Jacobson v. Avestruz*, 81 Wis.2d 240, 245-47, 260 N.W.2d 267, 269-70 (1977).[4] These powers are conceded because without them a court could not properly function. *State v. Braunsdorf*, 98 Wis.2d 569, 578-79, 297 N.W.2d 808, 812-13 (1980). A court possesses both the statutory and inherent power to administer oaths. Sections 757.01(2) and 757.02(3), Stats.; *see also State v. Braunsdorf*, 92 Wis.2d 849, 851, 286

---

[4] In the exercise of its inherent powers, a court cannot extend its jurisdiction nor abridge or negate an individual's constitutional rights. *Jacobson v. Avestruz*, 81 Wis.2d 240, 247, 260 N.W.2d 267, 270 (1977).

N.W.2d 14, 15 (Ct. App. 1979), *aff'd*, 98 Wis.2d 569, 297 N.W.2d 808 (1980).

■

Under its inherent powers, a trial court may direct a clerk of court to administer oaths if this function is a ministerial act that does not require the exercise of judicial power. Ministerial acts are those done in obedience to instructions of a legal authority without the exercise of the actor's discretion or judgment upon the propriety of the act being done.[5] *See* Black's Law Dictionary 899 (5th ed. 1979). Administering an oath under direction of a court is such an act.[6] Moreover, delegating this function to the clerk grants a court more time to concentrate on other judicial matters before it and, as such, it is conducive to the efficient operation of the court. Thus, under its inherent powers, a court may delegate this ministerial function to the clerk.[7] Here, the clerk administered the oath in front of and under the trial court's direction and supervision. Therefore, Johnston was under oath when he made the false statements.

---

[5] A similar definition has been reached in the context of public employee liability. *See Larsen v. Wisconsin Power & Light Co.*, 120 Wis.2d 508, 516, 355 N.W.2d 557, 562 (Ct. App. 1984).

[6] Other jurisdictions are in accord. *See State ex rel. Green v. Glenn*, 4 A.2d 366, 367 (Del. 1939); *Fair v. Citizens' State Bank*, 79 P. 144, 145 (Kan. 1905); *Giacopelli v. Clymer*, 521 S.W.2d 196, 197 (Mo. Ct. App. 1975); *Vahlberg v. State*, 249 P.2d 736, 745 (Okla Crim. App. 1952), *reh'g. denied*, 345 U.S. 923 (1953); *Tullos v. State*, 284 S.W.2d 715, 717 (Tex. Crim. App. 1955); *Schirmer v. Myrick*, 20 A.2d 125, 126 (Vt. 1941).

[7] Other jurisdictions are in accord. *Masterson v. State*, 43 N.E. 138, 139-41 (Ind. 1896); *State v. Harter*, 108 N.W. 232, 233 (Iowa 1906); *Bush v. Commonwealth*, 248 S.W. 522, 523 (Ky. Ct. App. 1923); *State v. Townley*, 65 N.E. 149, 150 (Ohio 1902); *Stephens v. State*, 31 Tenn. (1 Swan) (Tenn. 1851).

Next, Johnston argues that his wife's testimony relating to his alcohol consumption before the drunk driving trial should have been excluded as a private marital communication. Section 905.05(1) grants a person "a privilege to prevent his spouse or former spouse from testifying against him as to any private communication by one to the other made during their marriage." In *State v. Sarinske*, 91 Wis.2d 14, 42, 280 N.W.2d 725, 738 (1979), our supreme court reiterated its view that "private communications" within the meaning of this statute are not limited to oral or written exchanges but "includes expressive acts which are intended to convey information of a privileged character." In *Sarinske*, the court found that the husband's act of destroying the telephone to prevent the wife from summoning aid was not intended to convey privileged information. *Id.* at 42–43, 280 N.W.2d at 738. Likewise, in *State v. Sabin*, 79 Wis.2d 302, 305, 255 N.W.2d 320, 321 (1977), the court concluded that the mere act of getting into a parked car and driving off was not intended to convey privileged information. Similarly, the mere act of Johnston's drinking alcoholic beverages at his home was not an expressive act intended to convey information of a privileged character. Therefore, the wife's testimony was properly admitted.

*By the Court.*—Judgment affirmed.