GEORGE E. RICE, Acting Corporation Counsel Milwaukee County
You request an opinion concerning the enforcement of section814.61 (12)(b), Stats., pertaining to the annual fee for receiving and disbursing money deposited as payment for maintenance payments, child support or family support under interim or final orders in an action affecting the family. You specifically ask whether collection of this fee can be enforced by income withholding orders issued by a court or a court commissioner pursuant to provisions within chapter 767. Section814.61 (12)(b) was created as a part of subchapter II of chapter 814 by chapter 317, Laws of 1981 and now provides:
 In a civil action, the clerk of court shall collect the fees provided in this section. Unless a specific exemption is provided, a governmental unit, as defined in s. 108.02 (17), shall pay fees under this section. The clerk shall collect the following fees:
. . . .
 (b) Maintenance payments and support. For receiving and disbursing money deposited as payment for maintenance payments, child support or family support payments, under interim or final orders in an action affecting the family, an annual fee of $10 to be paid by the party ordered to make payments. The court shall order the annual fee to be paid at the time of, and in addition to, the first payment to the clerk in each year for which payments are ordered. If the annual fee is not paid when due, the clerk shall not deduct the annual fee from the maintenance or support payment, but: *Page 101 
 1. The clerk has standing to move the court for a remedial sanction under ch. 785.
 2. The annual fee is increased to $20. The $20 fee shall be doubled each succeeding year in which the annual fee remains unpaid, but the total annual fee shall not exceed $320.
The statute clearly prohibits the clerk from deducting the annual fee from the maintenance or support payment. The clerk's only recourse under this statute is to move the court for a remedial sanction under chapter 785.
In Wisconsin, the acts of a clerk of court are ministerial and clerical, and the clerk may not exercise judicial powers except in accordance with the strict language of a statute conferring such power. State v. Dickson, 53 Wis.2d 532, 541-42,193 N.W.2d 17 (1972). Ministerial acts are those done in obedience to instructions of a legal authority without the exercise of the actor's discretion or judgment upon the propriety of the act being done. State v. Johnston, 133 Wis.2d 261, 267,394 N.W.2d 915 (Ct.App. 1986).
The clerk of the court has well-defined responsibilities for the receipt and disbursement of maintenance and support payments under section 767.29 and subsequent provisions in that chapter. If the maintenance payments or support money adjudged or ordered to be paid are not paid to the clerk at the time provided in the judgment or order, the clerk or the family court commissioner "shall take such proceedings as either of them deems advisable to secure the payment of the sum including enforcement by contempt proceedings under ch. 785 or by other means." Sec. 767.29(1), Stats. In contrast, the clerk's only apparent power under section814.61(12)(b) is to move the court for a remedial sanction under chapter 785.
Under section 785.04(1) a court may impose a number of remedial sanctions including:
 (d) An order designed to ensure compliance with a prior order of the court.
 (e) A sanction other than the sanctions specified in pars. (a) to (d) if it expressly finds that those sanctions would be ineffectual to terminate a continuing contempt of court.
These broad powers under section 785.04 codify and reaffirm the court's inherent powers essential to its existence and necessary to *Page 102 
further the orderly and efficient exercise of its jurisdiction.Jacobson v. Avestruz, 81 Wis.2d 240, 245-47, 260 N.W.2d 267
(1977). These inherent powers are conceded because without them a court could not properly function. State v. Braunsdorf,98 Wis.2d 569, 578-79, 297 N.W.2d 808 (1980).
If the court in a remedial contempt proceeding finds that an income withholding order would ensure compliance with the court's prior order or that any other enumerated sanction would be ineffectual in terminating a continuing contempt of court, there is no obvious reason on the face of the statute why the court could not enter such an order. The need or appropriateness of such a remedy in any individual case is a matter for the parties to argue and the court to decide based upon the circumstances of that case.
DJH:DPJ *Page 103