JAMES T. RUNYON, Corporation Counsel Lincoln County
You ask a number of questions concerning the enforcement of section 814.61 (12)(b), Stats., pertaining to the annual fee for receiving and disbursing money deposited as payment for maintenance payments, child support or family support under interim or final orders in an action affecting the family. Section 814.61 (12)(b) was created as a part of subchapter II of chapter 814 by chapter 317, Laws of 1981, and it now provides:
 In a civil action, the clerk of court shall collect the fees provided in this section. Unless a specific exemption is provided, a governmental unit, as defined in s. 108.02 (17), shall pay fees under this section. The clerk shall collect the following fees:
. . . .
 [12](b) Maintenance payments and support. For receiving and disbursing money deposited as payment for maintenance payments, child support or family support payments, under interim or final orders in an action affecting the family, an annual fee of $10 to be paid by the party ordered to make payments. The court shall order the annual fee to be paid at the time of, and in addition to, the first payment to the clerk in each year for which payments are ordered. If the annual fee is not paid when due, the clerk shall not deduct the annual fee from the maintenance or support payment, but:
 1. The clerk has standing to move the court for a remedial sanction under ch. 785. *Page 266 
 2. The annual fee is increased to $20. The $20 fee shall be doubled each succeeding year in which the annual fee remains unpaid, but the total annual fee shall not exceed $320.
All of your questions assume that the court has failed to order the annual fee to be paid at the time of the first payment to the clerk under the maintenance or support order or judgment. The two separate mandates of section 814.61 (12)(b) are that (1) the clerk shall collect the annual fee and (2) the court shall order the annual fee to be paid.
Your first question is whether the clerk can bill the payor and collect the fee where the order or judgment does not specifically order payment of the fee as anticipated by the statute. Neither sections 59.39 through 59.42, dealing with the powers and the duties of the clerk of court, nor the provisions of chapter 767, addressing actions affecting the family, provide an answer to this question.
It is my opinion that the $10 annual fee is a debt created by statute which the obligor owes whether or not payment has been ordered by the court. The absence of any formal notice of this obligation in an order or judgment does not relieve him of the obligation if some other notice is given of this responsibility. In this latter respect, the clerk may bill the payor and then collect the fee with the same remedies available as in any other case of a debt created by law.
You next ask whether the clerk may move the court for a remedial sanction and assess double the annual fee where the payor is in default and again where no divorce order or judgment has specifically ordered payment of this fee. The clerk of court has well-defined responsibilities for the receipt and disbursement of maintenance and support payments under section 767.29 and subsequent provisions in that chapter. If the maintenance payments or support money adjudged or ordered to be paid are not paid to the clerk at the time provided in the judgment or order, the clerk or the family court commissioner "shall take such proceedings as either of them deems advisable to secure the payment of the sum including enforcement by contempt proceedings under ch. 785 or by other means." Sec. 767.29 (1), Stats. In contrast, the clerk's only apparent power under section 814.61
(12)(b) is to move the court for a remedial sanction under chapter 785. *Page 267 
It is my opinion that the remedial sanctions under chapter 785 are not available under these circumstances. Contempt of court may include misconduct in the presence of the court or disobedience, resistance or obstruction of the authority, process or order of a court. Sec. 785.01 (1), Stats. Where the court has failed specifically to order payment of the annual $10 fee, the payor cannot be in contempt of court.
The acts of a clerk of court are ministerial, and the clerk may not exercise judicial powers except in accordance with the strict language of a statute conferring such power. State v. Dickson,53 Wis.2d 532, 541-42, 193 N.W.2d 17 (1972). Ministerial acts are those done in obedience to instructions of a legal authority without the exercise of the actor's discretion or judgment upon the propriety of the act being done. State v. Johnston,133 Wis.2d 261, 267, 394 N.W.2d 915 (Ct.App. 1986). Although other remedies are available, the clerk cannot seek a remedial sanction on the theory that the payor has acted or failed to act in contempt of the clerk's request or demand for payment.
Fundamental fairness requires that the fee not be increased until either the court provides for payment by order or judgment or the clerk bills the obligor and gives him a reasonable opportunity to pay. The increase in the annual fee under section814.61 (12)(b)2. is not contingent upon the court ordering the annual fee to be paid at the time of the first payment. Although this question and your other questions easily could be resolved by very minor statutory clarifications, it is my opinion that the clerk does have the authority at present to increase the fee after providing the payor with written notice of this obligation and a reasonable opportunity to pay.
DJH:DPJ *Page 268