ABRAHAM, Plaintiff in error, v. STATE, Defendant in error.

*No. State 158. Argued April 3, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 349.)

48

For the plaintiff in error the cause was submitted on the brief of *Michael G. Abraham* of Gordon, *pro se,* and for the defendant in error on the brief of *Robert W. Warren,* attorney general, *Betty R. Brown,* assistant attorney general, and *Burleigh Randolph,* district attorney of La Crosse county.

WILKIE, J.   Defendant makes the usual challenge as to the sufficiency of the evidence. The trial court was not presented with any postconviction motion asking for a new trial or raising the question of the sufficiency of the evidence to support the jury's verdict. Thus, this court is not bound to consider defendant's claims in this review. However, since defendant appears *pro se* we think this case presents compelling circumstances that cause this court in its discretion to consider those claims.[1]

When the issue of the sufficiency of the evidence to support a conviction is raised, the question before this court becomes: " 'whether the evidence adduced, believed

[1] *State v. Escobedo* (1969), 44 Wis. 2d 85, 170 N. W. 2d 709; *State v. Van Beek* (1966), 31 Wis. 2d 51, 141 N. W. 2d 873.

and rationally considered by the jury, was sufficient to prove the defendant's guilt beyond a reasonable doubt.' " [2] However, this court will not and cannot, when confronted with this issue, retry the case on the facts in the record to determine if it is convinced of defendant's guilt beyond a reasonable doubt. The crucial question is whether the evidence was sufficient to convince a jury of the defendant's guilt beyond a reasonable doubt.

Here, without question, the evidence was sufficient. For the most part, this was not a circumstantial-evidence case. Rather, here there was a great deal of direct evidence supplied by two accomplices and defendant's wife going to prove the defendant's guilt. Thus, the jury was confronted with the typical situation where there were two versions of what happened, the state's and the defendant's. The jury was entirely justified in believing the state's version and in disbelieving the defendant's. The state's version clearly supplied sufficient evidence to support the conviction.

Defendant presents an array of issues pointing to alleged error by the trial court that in Abraham's opinion would dictate reversal. None has merit. They are:

1. Were the items stolen from the burglarized premises admissible against the defendant charged with burglary?

2. Was it necessary before these could be admitted at trial that the prosecution give pretrial notice to the defendant that it would offer them in evidence?

3. Was it error for the trial court to permit defendant's wife to testify over defense objection of privileged spousal communications?

[2] *State v. Stevens* (1965), 26 Wis. 2d 451, 463, 132 N. W. 2d 502. *See also: State v. Dombrowski* (1969), 44 Wis. 2d 486, 501, 171 N. W. 2d 349; *Lock v. State* (1966), 31 Wis. 2d 110, 115, 142 N. W. 2d 183.

4. Was it error for the magistrate at defendant's preliminary hearing and the trial court not to, sua sponte, order the separation or sequestration of the witnesses?

*Admissibility of items.*

An element of the crime of burglary is that intentional entry was made with intent to steal or commit a felony therein.[3] Various items, allegedly taken from the Vaslow home, were introduced into evidence, including the watch, the Australian florin, the Lloyd transistor radio, and the Skippy peanut butter jar which had been recovered by the police from the bushes near the church where both Donald and David testified defendant had thrown it. These items were admissible because they tend to directly establish that entry was made with intent to steal.[4] That these items coincidentally prove theft is of no import for the defendant was not charged with theft in addition to burglary as he could have been.[5] Defendant's objection to the introduction of these items for the reason that they were not sufficiently identified by the Vaslows as belonging to them has no merit. On the record the items were sufficiently identified to permit the jury to consider them in its determination of guilt.[6] The fact that defendant was not in actual possession of these items at the time of his arrest is immaterial since the testimony clearly showed a link to the defendant.[7]

[3] *See* sec. 943.10, Stats.

[4] *See generally: Strait v. State* (1969), 41 Wis. 2d 552, 164 N. W. 2d 505.

[5] *See Cullen v. State* (1965), 26 Wis. 2d 652, 133 N. W. 2d 284.

[6] *See State v. Johnson* (1960), 11 Wis. 2d 130, 138, 104 N. W. 2d 379.

[7] *See generally: Kluck v. State* (1967), 37 Wis. 2d 378, 155 N. W. 2d 26. *See also: State v. Johnson, supra,* footnote 6.

*Pretrial notice.*

The defendant contends that the state should be precluded from offering recovered fruits of the crime and instrumentalities used in the commission of the crime, since the state did not give him pretrial notice of its intention. This court said in *State v. Miller*: [8]

"Further, Wisconsin does not recognize a right in defendant to a pretrial discovery of the prosecution's evidence. . . ."

The state had no duty to give the defendant pretrial notice of the evidence against him.

*Spouse's testimony.*

The defendant's wife was permitted to testify, over defense objections, as to the defendant's response to her question of where the change had come from. She testified that the two young accomplices were in the bedroom at the time defendant told her the money had come from two break-ins, one at the University Inn and one at the Vaslow home. Thus it is apparent the wife's testimony is very important to the state's case as being corroborative of the two young boys' story.

Sec. 885.18, Stats., provides, in part:

"A husband or wife shall be a competent witness for or against the other in all cases, except that neither one without the consent of the other, during marriage, nor

[8] (1967), 35 Wis. 2d 454, 478, 151 N. W. 2d 157; *see State v. Watkins* (1968), 40 Wis. 2d 398, 162 N. W. 2d 48; *see also: Cheney v. State* (1969), 44 Wis. 2d 454, 171 N. W. 2d 339, 174 N. W. 2d 1. The pretrial production of physical evidence to be used at the trial is required on motion under the provisions of sec. 971.23 (4), ch. 255, Laws of 1969, effective July 1, 1970 (not applicable here).

afterwards, shall be permitted to disclose a *private communication*, made during marriage, by one to the other, when such private communication is privileged. . . ." (Emphasis supplied.)

The trial court correctly overruled defense objection to this testimony. The reason for so doing was that the statute only prevented one spouse from disclosing a *private* communication from the other spouse. The trial court correctly reasoned that since the two young accomplices were present during this communication from the defendant to his wife, the communication was not private and therefore not privileged.[9] The instant privilege, although it has been characterized as an "extremely effective . . . stumbling-block . . . to obstruct the attainment of justice"[10] is founded on a sound public policy to promote confidence between husband and wife. This policy would not be served by applying that privilege to the circumstances here considered.

## *Failure to separate witnesses.*

Defendant claims that it was error for both the magistrate at the preliminary hearing and the trial court not to sua sponte order the separation of the witnesses, especially the minor accomplices. It is true that the testimony of the brothers mirrored each other's almost exactly; however, this without more does not indicate that it was error for either the magistrate or the court not to order their separation. Especially is this true since no request was made by the defense that this be done. Even when a proper request for separation is made, the matter falls within the discretion of the magistrate and the court.[11]

[9] *See* McCormick, *Evidence* (hornbook series), p. 172, sec. 84. *See also:* 97 C. J. S., *Witnesses*, p. 777, sec. 271.

[10] McCormick, *supra*, footnote 9, at page 172, sec. 83.

[11] *See* sec. 954.08 (2), Stats.

In *Ramer v. State* [12] this court said:

". . . It has long been the majority rule in this country and the specific rule in Wisconsin following the early English rule that the exclusion, separation, sequestration of witnesses or 'putting witnesses under the rule' is not a matter of right but lies in the legal discretion of the trial court. . . . Consequently, unless there is an abuse of discretion, this court on appeal will not reverse for a refusal to sequester witnesses. . . . It may turn out that a failure to sequester witnesses results in prejudice to the defendant, but unless it does so it can hardly be said that there was an abuse of discretion. The majority rule does not presume prejudice from a failure to sequester." (Citations omitted.) [13]

On the record here there does not appear to be any prejudice flowing to the defendant by reason of failure to separate the witnesses. Rather, each witness, although testifying very similarly to the others, added a bit more to the evidence to be considered by the jury. There was no abuse of discretion on the part of the trial court in its failure to order separation of these witnesses.

### *Discretionary reversal.*

After an independent review of the entire record, we are convinced that justice has not miscarried and it would be completely inappropriate for this court to exercise its discretionary reversal power under sec. 251.09, Stats. [14]

### *Effective assistance of counsel.*

Defendant finally claims that he was denied effective assistance of counsel. A thorough review of the record reveals that this claim is completely baseless, that there

[12] (1968), 40 Wis. 2d 79, 161 N. W. 2d 209.
[13] *Id.* at pages 82, 83.
[14] *See Lock v. State, supra,* footnote 2, at page 118.

is nothing indicating less than a vigorous, competent defense waged on defendant's behalf.[15]

*By the Court.*—Judgment affirmed.

[15] *See Pulaski v. State* (1964), 23 Wis. 2d 138, 126 N. W. 2d 625. *See also: State v. Clarke* (1967), 36 Wis. 2d 263, 153 N. W. 2d 61, and cases cited therein.