STATE of Wisconsin,
Plaintiff-Respondent,

v.

Roger S. WALKER,
Defendant-Appellant-Petitioner.

Supreme Court

*No. 2004AP2820–CR. Oral argument February 22, 2006.
—Decided June 30, 2006.*

2006 WI 82

(Also reported in 716 N.W.2d 498.)

For the defendant-appellant-petitioner, there were briefs by *James Rebholz* and *Rebholz & Auberry*, Wauwatosa, and oral argument by *James Rebholz*.

For the plaintiff-respondent, there was a brief and oral argument by *Warren D. Weinstein*, assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager*, attorney general.

¶ 1. DAVID T. PROSSER, J. Roger Walker (Walker) was convicted of first-degree sexual assault of a child in violation of Wis. Stat. § 948.02(1) (1991–92) in Fond du Lac County. He was also convicted of first-degree sexual assault of the same child for a different offense in Green Lake County. This is a review of an unpublished court of appeals decision[1] dismissing Walker's appeal from his Green Lake conviction.

¶ 2. Walker was convicted in Fond du Lac in 1999. He was given a sentence of 20 years. In 2000 he was convicted in Green Lake County after he entered an *Alford* plea.[2] The Green Lake County Circuit Court, W.M. McMonigal, Judge, withheld sentence and imposed 20 years of probation consecutive to the 20–year-

---

[1] *State v. Walker*, No. 2004AP2820–CR, unpublished order (Wis. Ct. App. June 29, 2005).

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

328

prison sentence. In 2001 the court of appeals vacated Walker's Fond du Lac conviction because of ineffective assistance of counsel. *State v. Walker,* No. 2000AP2576–CR, unpublished slip op. (Wis. Ct. App. Aug. 15, 2001). As a result, Walker was released on his Green Lake probation.

¶ 3. When he violated the terms of his probation, Walker was revoked and scheduled to appear in the Green Lake County Circuit Court for sentencing after revocation. Before he could make this appearance, however, he was retried in Fond du Lac, convicted, and again sentenced to 20 years imprisonment.

¶ 4. Thus, when Walker appeared for sentencing after revocation in Green Lake, he had been convicted of two serious felonies and had his probation revoked. In this second sentencing, the Green Lake County Circuit Court sentenced Walker to 12 years imprisonment consecutive to the 20–year Fond du Lac sentence. We refer to this 12–year sentence as the Revocation Sentence.

¶ 5. Walker filed a notice of intent to pursue postconviction relief, requested transcripts, and filed a postconviction motion for sentence modification. Walker's postconviction motion alleged ineffective assistance of counsel because his attorney failed to contradict inaccurate sentencing information provided to the Green Lake court.[3] The parties stipulated to resentencing. The circuit court accepted the parties' stipulation, vacated the Revocation Sentence, and held a third sentencing hearing at which it considered the addi-

---

[3] A defendant has a due process right to be sentenced on true and correct information. *State v. Tiepelman,* 2006 WI 66, ¶ 9, 291 Wis. 2d 179, 717 N.W.2d 1; *State v. Greve,* 2004 WI 69, ¶ 27, 272 Wis. 2d 444, 681 N.W.2d 479; *State v. Johnson,* 158 Wis. 2d 458, 468, 463 N.W.2d 352 (Ct. App. 1990).

tional information.[4] The circuit court resentenced Walker, again imposing 12 years imprisonment (the Resentence) consecutive to the Fond du Lac sentence.

¶ 6. Walker appealed the Resentence directly to the court of appeals, claiming the circuit court erroneously exercised its discretion by imposing the same sentence as the Revocation Sentence despite receiving new information. The court of appeals summarily dismissed Walker's appeal because he did not file a postconviction motion to give the circuit court an opportunity to reconsider the sentence imposed at resentencing, as required by Wis. Stat. (Rule) § 809.30 (2003–04).[5]

¶ 7. This case presents the question whether a defendant must file a postconviction motion with the circuit court before appealing a sentence imposed at resentencing, when the sentence turns out to be identical to the court's previous sentence. We conclude that when a defendant seeks modification of the sentence imposed at resentencing, Wis. Stat. (Rule) § 809.30 and Wis. Stat. § 973.19 require the defendant to file a postconviction motion with the circuit court before taking an appeal, even though the sentence is identical to a previous sentence.

¶ 8. Nonetheless, given the unusual procedural history of this case and Walker's good faith efforts to comply with Wis. Stat. (Rule) § 809.30, we determine there is good cause to enlarge the time within which

---

[4] The additional information presented at the resentencing hearing was trial testimony from a medical doctor given at Walker's Fond du Lac trial, that contradicted representations made by the victim's mother at the original sentencing hearing in Green Lake about the physical effects of the sexual assault on her son.

[5] All references to the Wisconsin Statutes are to the 2003–04 edition unless otherwise noted.

Walker can file his intent to pursue postconviction relief and his postconviction motion with the circuit court. Accordingly, although we agree with the substance of the court of appeals' ruling, we modify the decision of the court of appeals to allow the defendant to move for sentence modification, and remand Walker's cause to the circuit court for further proceedings consistent with this opinion. In short, we modify and affirm.

I

¶ 9. Wisconsin Stat. (Rule) § 809.30 establishes a blueprint for appellate procedure in criminal cases.[6] The appeals process begins when a defendant files a notice of intent to pursue postconviction relief with the circuit court within 20 days of sentencing or final judgment.[7] Wis. Stat. § (Rule) § 809.30(2)(b). In this case, the circuit court imposed Walker's Revocation Sentence on March 24, 2004. On April 8 Walker com-

---

[6] For an in-depth discussion of Wis. Stat. (Rule) § 809.30 and criminal appeals, see Michael S. Heffernan, *Appellate Practice and Procedure in Wisconsin,* ch. 19 (3rd ed. 2002).

[7] The notice shall include all of the following:

1. The case name and number.

2. An identification of the judgment or order from which the person intends to seek postconviction or postdisposition relief and the date on which the judgment or order was entered.

3. The name and address of the person and his or her trial counsel.

4. Whether the person's trial counsel was appointed by the state public defender and, if so, whether the person's financial circumstances have materially improved since the date on which his or her indigency was determined.

plied with Rule § 809.30(2)(b) by filing his notice of intent to pursue postconviction relief from the Revocation Sentence.

¶ 10. After a defendant files a notice of intent to seek postconviction relief, the clerk of circuit court has five days to (1) forward the defendant's request for representation, the judgment or order from which relief is sought, and transcript-related information to the state public defender; or (2) send this information to the defendant or his attorney. Wis. Stat. (Rule) § 809.30(2)(c). In this case, the clerk of circuit court timely forwarded Walker's request to the state public defender on April 13, as required.

¶ 11. Upon receipt of Walker's request for representation, the state public defender appointed Attorney James Rebholz to represent Walker. On April 28 Rebholz filed a timely request for the circuit court record, including transcripts. *See* Wis. Stat. (Rule) § 809.30(2)(e). On May 3 the clerk of circuit court sent a copy of the circuit court record to Attorney Rebholz. *See* Wis. Stat. (Rule) § 809.30(2)(g).

¶ 12. Next, a defendant must file a notice of appeal or postconviction motion. Wis. Stat. (Rule) § 809.30(2)(h). In relevant part, Rule § 809.30(2)(h) states:

5. Whether the person requests the state public defender to appoint counsel for purposes of postconviction or postdisposition relief.

6. Whether a person who does not request the state public defender to appoint counsel will represent himself or herself or will be represented by retained counsel. If the person has retained counsel to pursue postconviction or postdisposition relief, counsel's name and address shall be included.

Wis. Stat. (Rule) § 809.30(2)(b).

The person shall file in circuit court and serve on the prosecutor and any other party a notice of appeal or *motion seeking postconviction or postdisposition relief* within 60 days after the later of the service of the transcript or circuit court case record. The person *shall file a motion for postconviction or postdisposition relief before a notice of appeal is filed* unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised.

(Emphasis added.) Walker timely filed a postconviction motion seeking modification of the Revocation Sentence on July 1, in compliance with § 809.30(2)(h).[8]

¶ 13. This motion for sentence modification resulted in a hearing before the circuit court. The court accepted the parties' stipulation for *resentencing,* and it *vacated* the Revocation Sentence.[9]

---

[8] At the sentencing hearing after revocation, the prosecutor suggested, and the victim's mother clearly stated, that the sexual assault caused the victim to require surgery to remove his colon. Walker's attorney did not contest this information even though there was medical expert testimony from the Fond du Lac County trial that the surgery was unrelated to the sexual assault. Based on this omission, Walker sought sentence modification, claiming his defense counsel was ineffective for failing to present this mitigating information to the circuit court.

This information was relevant at sentencing because one factor a court should consider is the gravity and nature of the offense, which includes consideration of the effect upon the victim. *State v. Carter,* 208 Wis. 2d 142, 156, 560 N.W.2d 256 (1997).

[9] Wisconsin Stat. (Rule) § 809.30(2)(i) requires a circuit court to "determine by an order the person's motion for postconviction or postdisposition relief within 60 days after the filing of the motion or the motion is considered to be denied and the clerk of circuit court shall immediately enter an order denying the motion."

¶ 14. After vacation of his sentence, Walker had no sentence for his conviction in Green Lake County. The parties and court had converted his motion to *modify* an existing sentence into a successful motion to *vacate* an existing sentence.

¶ 15. On October 6, 2004, the circuit court held a resentencing hearing, and it again sentenced Walker to 12 years imprisonment (the Resentence), consecutive to the Fond du Lac sentence. The substance of the Resentence was identical to the substance of the Revocation Sentence.

¶ 16. At this point, Walker's attorney chose to follow Wis. Stat. (Rule) § 809.30(2)(j) (appeal from judgment and order). Walker filed a notice of appeal with the circuit court on October 25. Rule § 809.30(2)(j) provides in part:

> The person shall file in circuit court and serve on the prosecutor and any other party a notice of appeal from the judgment of conviction and sentence or final adjudication and, if necessary, from the order of the circuit court on the motion for postconviction or postdisposition relief within 20 days of the entry of the order on the postconviction or postdisposition motion.

Walker appealed from the judgment of conviction and attacked the Resentence.

¶ 17. In this appeal, Walker alleged the circuit court erroneously exercised its discretion by imposing the same sentence at his Resentence as it had imposed at the Revocation Sentence, in spite of mitigating information. *State v. Walker*, No. 2004AP2820–CR, unpublished order (Wis. Ct. App. June 29, 2005). The court of appeals summarily dismissed Walker's appeal. *Id.* The court of appeals held Walker had not complied with a "necessary condition precedent to the appeal"

because he did not first bring a motion for sentence modification, giving the circuit court an opportunity to reconsider the Resentence. *Id.* We granted Walker's petition for review to address whether Wis. Stat. (Rule) § 809.30(2) and Wis. Stat. § 973.19 require a defendant seeking modification of the sentence imposed at resentencing to file a postconviction motion with the court before taking an appeal.

## II

¶ 18. To determine whether Walker was required to seek reconsideration of the sentence imposed at resentencing before pursuing an appeal, we must interpret Wis. Stat. (Rule) § 809.30 and Wis. Stat. § 973.19. Statutory interpretation presents a question of law we review de novo. *State v. Tucker,* 2005 WI 46, ¶ 11, 279 Wis. 2d 697, 694 N.W.2d 926; *State v. Sorenson,* 2000 WI 43, ¶ 15, 234 Wis. 2d 648, 611 N.W.2d 240.

## III

¶ 19. The State contends the court of appeals properly dismissed Walker's appeal because he failed to follow the procedures in Wis. Stat. (Rule) § 809.30. Specifically, the State asserts that Walker (1) did not file a notice of intent to pursue postconviction relief from the Resentence under Rule § 809.30(2)(b); (2) did not file a request for transcripts under Rule § 809.30(2)(e); and (3) did not file a postconviction motion seeking reconsideration of the Resentence under Rule § 809.30(2)(h), all of which, it contends, are required. In short, the State argues that a defendant must file a postconviction motion for sentence modification regardless of whether he seeks to challenge an original sentence or a resentence.

¶ 20. Walker responds that the State's interpretation of Wis. Stat. (Rule) § 809.30 produces the absurd result of an infinite loop; that is, defendants could be forced to file repeated postconviction motions in the circuit court without getting to an appeal. Walker contends the legislature could not have intended to require a defendant to return to the circuit court after the circuit court imposed the same sentence at resentencing as it imposed at a previous sentencing. Walker argues his motion for modification of the Revocation Sentence satisfied the requirements of Rule § 809.30. He contends the circuit court did not dispose of his postconviction motion until it resentenced him.

¶ 21. We disagree. Walker constructs his argument on the faulty premise that it was not until he was resentenced that the circuit court disposed of his motion for modification. In fact, the circuit court's August 17 order, which *vacated* the Revocation Sentence, resolved Walker's postconviction motion in his favor. His victory, however, was fleeting. When the circuit court resentenced Walker on October 6, it entered a new sentence on a new judgment of conviction, even though the duration of the sentence turned out to be the same as the previous sentence. Therefore, the earlier-filed postconviction motion for modification of the Revocation Sentence did not encompass or in any way challenge the Resentence. *Cf. State v. Scaccio*, 2000 WI App 265, ¶¶ 7–12, 240 Wis. 2d 95, 622 N.W.2d 449 (concluding that an original judgment of conviction and a post-revocation sentence are independent and can each give rise to Wis. Stat. (Rule) § 809.30 postconviction motions and appeals).

¶ 22. We disagree with Walker's claim that his motion for modification of the Revocation Sentence

satisfied the requirements of Wis. Stat. (Rule) § 809.30 as to the Resentence. First, Rule § 809.30(2)(b) requires that a notice of intent to pursue postconviction relief identify "the judgment or order from which the person intends to seek postconviction . . . relief and the date on which the judgment or order was entered." Walker's only notice of intent to pursue postconviction relief identifies the judgment of conviction entered on March 24 (the Revocation Sentence), not the Resentence, which was entered on October 6.

¶ 23. Second, Wis. Stat. (Rule) § 809.30(2)(e) requires a defendant to request transcripts. There is a transcript of the October 6 resentencing hearing in the record but the transcript was not prepared after a notice of intent to seek postconviction relief under § 809.30(2)(b) or to support a motion for postconviction relief under § 809.30(2)(h). It was prepared before a notice of appeal was filed.[10]

¶ 24. Third, Wis. Stat. (Rule) § 809.30(2)(h) requires a defendant to "file a motion for postconviction . . . relief before a notice of appeal is filed *unless the grounds for seeking relief are sufficiency of the evidence or issues previously raised.*" (Emphasis added.) Contrary to the plain mandate of Rule § 809.30(2)(h), Walker did not file a motion for postconviction relief from the Resentence, even though his challenge to the Resentence did not fall within either exception to this requirement. Walker's appeal does not challenge the sufficiency of the evidence or raise an issue previously raised.

¶ 25. Walker raised a due process issue when he challenged the Revocation Sentence. He raised a differ-

---

[10] The transcript of the resentencing hearing is likely part of the record on appeal because SCR 71.04(5)(a) requires a transcript of sentencing to be filed with the circuit court.

ent issue—that the circuit court erroneously exercised its discretion by imposing the same sentence—when he challenged the Resentence. Accordingly, the court of appeals correctly concluded that Walker failed to comply with Rule § 809.30.

¶ 26. The court of appeals decision relied upon *State v. Meyer,* 150 Wis. 2d 603, 442 N.W.2d 483 (Ct. App. 1989). Walker contends the court of appeals erred in relying on *Meyer,* because *Meyer* concerned an appeal pursuant to Wis. Stat. § 973.19. Again, we disagree.

¶ 27. It is unclear from Walker's notice of appeal whether he appeals pursuant to Wis. Stat. (Rule) § 809.30 or pursuant to Wis. Stat. § 973.19. For purposes of this case, it does not matter. The reasoning in *Meyer* is explicative to either procedure. To understand why, we review the relationship between these two statutes.

¶ 28. Wisconsin Stat. § 973.19 is intended to offer "an expeditious alternative to the procedure prescribed in [Wis. Stat. (Rule)] 809.30(2) when the only claim for postconviction relief relates to the severity of the sentence." Judicial Council Note, 1984, § 973.19; *see also Scaccio,* 240 Wis. 2d 95, ¶ 5. Defendants may choose whether to bring a motion to modify a sentence under § 973.19(1)(a) or § 973.19(1)(b). If a defendant does not request the preparation of transcripts pursuant to Rule § 809.30(2)(e) or (f), then he may proceed under § 973.19(1)(a). Alternatively, if a defendant requests the preparation of transcripts, then his postconviction motion is governed by § 973.19(1)(b) and Rule § 809.30(2).

¶ 29. The choice is not without consequence. Two consequences to proceeding under Wis. Stat. § 973.19(1)(a) are noteworthy. *See Meyer,* 150 Wis. 2d at 608. First, by proceeding under § 973.19(1)(a) a defendant waives his right to file an appeal or postconviction motion under Wis. Stat. (Rule) § 809.30(2), thereby lim-

iting the potential issues on appeal to sentence modification. *See* Wis. Stat. § 973.19(5). Second, if a defendant wishes to appeal the ruling on his modification motion, the appeal is governed by the procedure for civil appeals rather than Rule § 809.30. *See* Wis. Stat. § 973.19(4).

¶ 30. Although Wis. Stat. (Rule) § 809.30(2) and Wis. Stat. § 973.19 establish alternative methods for a defendant to seek sentence modification, *both* statutes require a defendant to file a postconviction motion for sentence modification in the circuit court before filing an appeal. *See* Wis. Stat. (Rule) § 809.30(2)(h) and § 973.19(1); *see also State v. Norwood,* 161 Wis. 2d 676, 681, 468 N.W.2d 741 (Ct. App. 1991). Both statutes embody the policy that it is better to give the circuit court, which is familiar with the facts and issues, an opportunity to correct any error it has made before requiring an appellate court to expend its resources in review. *See Spannuth v. State,* 70 Wis. 2d 362, 365–66, 234 N.W.2d 79 (1975); *Whitmore v. State,* 56 Wis. 2d 706, 717, 203 N.W.2d 56 (1973); *State v. Lynch,* 105 Wis. 2d 164, 167, 312 N.W.2d 871 (Ct. App. 1981) (explaining that this policy, recognized in *Spannuth,* survived the adoption of the current rules of appellate procedure). Thus, contrary to Walker's protestations, it was not error for the court of appeals to apply the reasoning in *Meyer* to appeals pursuant to § 973.19(1)(b) and Rule § 809.30(2).

¶ 31. Finally, Walker contends we should reverse the circuit court because compelling circumstances demand that this appeal be decided on its merits. A postconviction motion in the circuit court is a prerequisite to appellate review when a defendant challenges a sentence as an erroneous exercise of discretion, unless compelling circumstances justify overriding this re-

quirement. *Sears v. State,* 94 Wis. 2d 128, 140, 287 N.W.2d 785 (1980); *Spannuth,* 70 Wis. 2d at 365; *Korpela v. State,* 63 Wis. 2d 697, 702, 218 N.W.2d 368 (1974); *Gaddis v. State,* 63 Wis. 2d 120, 129, 216 N.W.2d 527 (1974); *Stockwell v. State,* 59 Wis. 2d 21, 28, 207 N.W.2d 883 (1973); *Tatum v. State,* 51 Wis. 2d 554, 556–57, 187 N.W.2d 137 (1971); *State v. Charette,* 51 Wis. 2d 531, 536, 187 N.W.2d 203 (1971); *Farley v. State,* 50 Wis. 2d 113, 115, 183 N.W.2d 33 (1971); *Abraham v. State,* 47 Wis. 2d 44, 49, 176 N.W.2d 349 (1970); *State v. Escobedo,* 44 Wis. 2d 85, 92, 170 N.W.2d 709 (1969); *Okimosh v. State,* 34 Wis. 2d 120, 121, 148 N.W.2d 652 (1967); *State v. Van Beek,* 31 Wis. 2d 51, 53, 141 N.W.2d 873 (1966); *State v. Fearing,* 2000 WI App 229, ¶ 7, 239 Wis. 2d 105, 619 N.W.2d 115; *Norwood,* 161 Wis. 2d at 680; *Meyer,* 150 Wis. 2d at 605; *Lynch,* 105 Wis. 2d at 167.

¶ 32. According to Walker, his appeal presents a compelling circumstance because the circuit court imposed the same sentence upon resentencing. In effect, Walker contends, the circuit court did not decide his original motion for sentence modification until it resentenced him. Therefore, Walker concludes, he complied with Wis. Stat. (Rule) § 809.30(2)(h) when he filed a notice of intent to seek postconviction relief after the circuit court imposed the Revocation Sentence.

¶ 33. Only four published decisions from Wisconsin courts have found compelling circumstances where a defendant has failed to file a postconviction motion. First, we have held that compelling circumstances exist where there is a time lag or a gap between the duties of trial counsel and appellate counsel that prevents postconviction motions from being timely filed. *Stockwell,* 59 Wis. 2d at 28; *Whitmore,* 56 Wis. 2d at 717–18. Second, we have held that a pro se defendant's failure to file a postconviction motion can constitute compelling

340

circumstances depending upon the facts of the case. *Abraham,* 47 Wis. 2d at 49. Finally, the court of appeals has concluded that compelling circumstances exist where a defendant's appeal raised a question of law that raised "significant questions" about the circuit court's authority, and that did not depend upon disputed facts or a review of the circuit court's exercise of discretion. *Fearing,* 239 Wis. 2d 105, ¶ 7.

■

¶ 34. We are doubtful that compelling circumstances exist in this case in the sense that compliance with the appellate rules would have been extremely difficult or impossible. Nevertheless, we acknowledge that the facts and procedural history are highly unusual. Our rules dictate that counsel seek a fourth sentencing hearing to modify the sentence imposed in a resentencing after a sentence after revocation was vacated before filing an appeal. We are not unsympathetic to the confusion that this unusual set of facts must have created for counsel.

¶ 35. In light of the good faith efforts Walker's attorney made to comply with the requirements of Wis. Stat. § (Rule) § 809.30(2), we resolve our doubt as to whether compelling circumstances exist in favor of deciding Walker's appeal on the merits. *Cf. Spannuth,* 70 Wis. 2d at 365–66; *Gaddis,* 63 Wis. 2d at 129; *Lynch,* 105 Wis. 2d at 167. Under the unusual facts of this case, we conclude that both the integrity of the criminal justice system and the interest in the finality of Walker's sentence call for a determination on the merits.

¶ 36. Accordingly, pursuant to our authority under Wis. Stat. (Rule) § 809.82(2), we conclude good cause exists to enlarge the time in which Walker can file a notice of intent to seek postconviction relief and a

postconviction motion.[11] If Walker follows this procedure, the circuit court will have an opportunity to consider whether it erroneously exercised its discretion when it imposed the same sentence upon Walker at resentencing that it imposed after revocation.

## IV

¶ 37. In the hope of clarifying appellate procedure, we conclude that when a defendant seeks modification of the sentence imposed at resentencing, Wis. Stat. (Rule) § 809.30(2) and Wis. Stat. § 973.19 require the defendant to file a postconviction motion with the circuit court before taking an appeal. These rules on sentence modification apply even though the sentence imposed at resentencing is identical to a previous sentence.[12] The rules apply regardless of whether a defendant challenges the original sentence, a sentence after revocation, or the sentence imposed at resentencing.

¶ 38. Because, however, Wis. Stat. (Rule) § 809.30(2) and Wis. Stat. § 973.19 are silent in how they relate to a motion to modify a sentence imposed at resentencing, we conclude that there is good cause to grant Walker an extension of time to file a notice of intent to pursue postconviction relief.

---

[11] At oral argument, the State agreed that remand would be the proper disposition for this case.

[12] Wisconsin Stat. (Rule) § 809.30(2)(h) recognizes two situations in which a defendant need not go back to the circuit court: when the grounds for seeking relief are "sufficiency of the evidence or issues previously raised." These exceptions would not normally apply to modification of a sentence.

*By the Court.*—The decision of the court of appeals is modified and affirmed and, as modified, the cause is remanded to the circuit court.