In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3168

ANTHONY HILL,

*Petitioner-Appellant*,

*v.*

RICARDO RIOS,

*Respondent-Appellee*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 10-cv-01288—**Joe Billy McDade**, *Judge*.

SUBMITTED JUNE 17, 2013—DECIDED JULY 3, 2013

Before EASTERBROOK, *Chief Judge*, and CUDAHY and POSNER, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. In 2010 Anthony Hill filed a petition under 28 U.S.C. §2241, contending that *Begay v. United States*, 553 U.S. 137 (2008), showed that the district court had erred in deeming him a career offender when calculating his Guideline sentence in 1999. Although Hill relied on *Narvaez v. United States*, 641 F.3d 877, amended on rehearing, 674 F.3d 621 (7th

Cir. 2011), we held that 28 U.S.C. §2255(e) forecloses resort to §2241, because Hill could have used §2255 to present the same argument, if he had acted promptly after *Begay*, as Narvaez himself had done. See *Hill v. Rios*, No. 11-2557 (7th Cir. Dec. 2, 2011) (nonprecedential disposition).

Hill did not file a petition for rehearing or ask the Supreme Court to review our decision. Instead he filed in the district court a motion for relief under Fed. R. Civ. P. 60(b), contending that this court erred in believing that he could have used §2255 to obtain relief. Our error, according to Hill, is that we did not appreciate that he had earlier filed and lost a motion under §2255. That statute does not permit a *second* motion to be based on a decision such as *Begay*, which interprets a statute rather than the Constitution. See *Gray-Bey v. United States*, 209 F.3d 986 (7th Cir. 2000). The district court denied this motion, concluding that failure to apprise the court of appeals of all important facts is not "excusable neglect" that permits reopening of a judgment in the district court.

After the district court denied the Rule 60(b) motion, this court held in *Brown v. Caraway*, No. 12-1439 (7th Cir. May 10, 2013), that §2241 may be used to seek relief under the theory of *Narvaez* when §2255 does not allow a second or successive collateral attack. The difference between *Brown* and Hill's situation, however, is that *Brown* was decided on direct appeal from the district court's order denying relief under §2241, while Hill wants to use Rule 60(b) to obtain relief in light

of arguments that could have been made on the initial appeal.

*Gonzalez v. Crosby*, 545 U.S. 524, 536–38 (2005), holds that Rule 60(b) cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect. The Supreme Court explained in *Gonzalez* and its predecessors, such as *Ackermann v. United States*, 340 U.S. 193 (1950), that relief under Rule 60(b) is proper only under extraordinary circumstances—and it held in both *Gonzalez* and *Ackermann* that legal developments after a judgment becomes final do not qualify as extraordinary. Likewise a litigant who bypasses arguments on appeal cannot depict his own omission as an "extraordinary" event that justifies post-judgment relief.

Hill could have told us during his appeal in 2011 that he had already filed a §2255 petition and could have made in 2011 the same arguments that prevailed in *Brown*. He also could have provided that information and raised the arguments in a petition for rehearing. He took neither step. There are time limits for seeking rehearing or certiorari. Those time limits would be vitiated if all a litigant had to do was make a motion in the district court under Rule 60(b) and then raise on appeal contentions that could have been presented years earlier.

Finality is an important consideration, especially in the law of collateral review. See, e.g., *Harrington v. Richter*, 131 S. Ct. 770 (2011); *Premo v. Moore*, 131 S. Ct. 733 (2011). Hill believes that the district judge misunder-

stood circumstances that could have influenced his sentence in 1999. He does not contend that he is in prison for an act that the law does not make criminal or that his sentence exceeds the statutory maximum. Indeed, his sentence of 284 months is within the range (235 to 293 months) that would have prevailed had the district judge not applied a career-offender enhancement in 1999. No rule of law either before or after *Begay* prevented the district court from imposing the sentence that Hill is now serving. He cannot extend the process of contesting his sentence by filing post-judgment motions in the district court.

*Gonzalez* emphasized that appellate review of a decision not to reopen a judgment under Rule 60(b) is deferential. 545 U.S. at 540. See also, e.g., *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826 (7th Cir. 1985). The district judge did not abuse his discretion in denying Hill's motion for post-judgment relief.

AFFIRMED