In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1786

DEANTHONY A. NASH,

*Petitioner-Appellant,*

*v.*

RANDALL HEPP,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 08-CV-202 — **J.P. Stadtmueller**, *Judge.*

ARGUED JUNE 13, 2013 — DECIDED JANUARY 17, 2014

Before MANION, SYKES, and TINDER, *Circuit Judges.*

SYKES, *Circuit Judge.* DeAnthony Nash, a Wisconsin prisoner, contends that his trial lawyer was ineffective in advising him to plead no contest to a sexual-assault charge and then failing to file a notice of intent to seek postconviction relief as required by state postconviction procedure. The district court denied federal habeas corpus relief, reasoning that Nash

procedurally defaulted his claim. Nash did not appeal. He later sought relief from the judgment via two motions under Rule 60(b)(6) of the Federal Rules of Civil Procedure, both of which the court denied. Nash appeals the denial of the second of these motions, arguing that he demonstrated "extraordinary circumstances" warranting relief under Rule 60(b)(6) based on several recent Supreme Court decisions that expand the circumstances under which procedural default may be excused. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Maples v. Thomas*, 132 S. Ct. 912 (2012).

We affirm. The recent changes in the law of procedural default do not give Nash grounds for relief under Rule 60(b)(6). Moreover, the state circuit court specifically advised Nash how he could correct his counsel's procedural error and reinstate his postconviction and appeal rights, but he did not take advantage of the opportunity to do so.

## I. Background

Nash pleaded no contest in Wisconsin state court to sexual assault of a child and received a sentence of three years in prison and five years of extended supervision. On the day of sentencing, he and his attorney signed and filed a standard form stating that Nash wanted to seek postconviction relief and acknowledging that his attorney was required to file within 20 days a notice of intent to pursue postconviction relief. *See* WIS. STAT. §§ 809.30(2), 973.18(5). Under Wisconsin postconviction procedure, filing this form allows a defendant to challenge trial counsel's performance with new appointed

counsel before a direct appeal is taken. *State v. Evans*, 682 N.W.2d 784, 793–94 (Wis. 2004).

When Nash had not heard from his attorney or the court for several months, he filed a pro se motion for postconviction relief. The circuit court denied the motion, noting that Nash's attorney had neglected to file the required notice of intent but also informing Nash of the procedure for reinstating his postconviction and appeal rights, which allows a prisoner in this situation to start the counseled postconviction process over again. *See* WIS. STAT. § 809.82(2)(a); *State v. Walker*, 716 N.W.2d 498, 504–06 (Wis. 2006). Instead of following this procedure, Nash appealed the denial of his pro se motion. On appeal he argued for the first time that trial counsel was ineffective for advising him to plead no contest and for failing to file the notice of intent to pursue postconviction relief. The court of appeals declined to appoint counsel for Nash because he had neither filed the notice of intent nor sought reinstatement of his postconviction and appeal rights. The court affirmed the denial of Nash's pro se motion for postconviction relief, explaining that Nash had waived his claim of ineffective assistance of counsel by failing to raise it in the circuit court and rejecting his other claims on the merits. The Wisconsin Supreme Court denied his petition for review.

Nash next petitioned the federal district court for a writ of habeas corpus under 28 U.S.C. § 2254, raising, as relevant here, his claim that trial counsel was ineffective. He alleged that counsel incompetently advised him to plead guilty without investigating allegedly inconsistent statements by the victim and also failed to file the notice of intent to pursue

postconviction relief. The district court denied Nash's petition, concluding that he had procedurally defaulted his ineffective-assistance claim by failing to present it to the state trial court.

Nash did not appeal, but nine months later he moved for relief from judgment under Rule 60(b), maintaining that his trial counsel's failure to file the notice of intent excused his procedural default. The district court denied relief. Nash appealed, but we denied his request for a certificate of appealability. *Nash v. Husz*, No. 10-2265 (7th Cir. Oct. 18, 2010). More than a year later, the Supreme Court decided *Maples v. Thomas*, concluding that ineffective assistance of state post-conviction counsel can excuse procedural default if counsel caused the default by abandoning the petitioner without notice. 132 S. Ct. 912, 922–24, 927 (2012). The following month Nash filed a second motion for relief from judgment under Rule 60(b), citing *Maples*. The district court denied the motion, explaining that *Maples* was inapposite because Nash caused his own procedural default by failing to adequately present his claims in his pro se attack.

Before Nash appealed this decision, the Supreme Court decided *Martinez v. Ryan*, which held that ineffective assistance of postconviction counsel can also excuse procedural default if state law requires a prisoner to raise a claim of ineffective assistance of trial counsel in collateral proceedings rather than in a direct appeal. 132 S. Ct. 1309, 1315–18 (2012). We granted a certificate of appealability on Nash's claim of ineffective assistance of trial counsel and instructed the parties to discuss *Maples* and *Martinez*.

Two further developments occurred while Nash's appeal has been pending. First, the Supreme Court clarified that *Martinez* applies to states that while not expressly prohibiting claims of ineffective assistance of trial counsel on direct appeal, nonetheless make them virtually impossible to raise until collateral review because of the difficulty of creating an expanded record in time for direct review. *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013). Second, Nash absconded from extended supervision and has yet to be found.

## II. Discussion

We first address the significance of Nash's fugitive status. The fugitive-disentitlement doctrine holds that a court may, in its discretion, dismiss or defer an action if the party seeking relief has become a fugitive. *See Degen v. United States*, 517 U.S. 820, 823 (1996)*; Ortega-Rodriguez v. United States*, 507 U.S. 234, 239–40 (1993); *Sarlund v. Anderson*, 205 F.3d 973, 974–75 (7th Cir. 2000). The Assistant Attorney General who argued this case has told us that the State prefers that we reach the merits, notwithstanding Nash's fugitive status, so we will not exercise our discretion to dismiss this appeal under the fugitive-disentitlement doctrine.

We review the district court's denial of Nash's Rule 60(b) motion for abuse of discretion. *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009); *Cincinnati Ins. Co. v. Flanders Electric Motor Serv.*, 131 F.3d 625, 628 (7th Cir. 1997). Nash's motion did not invoke any of the specific grounds for relief from judgment under Rule 60(b)(1)–(5), so it falls under the "catch-all"

provision, which permits relief from judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). A motion for relief from judgment under Rule 60(b)(6) may be granted in only "extraordinary circumstances." *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). Nash argues that the recent decisions in *Maples*, *Martinez*, and *Trevino*, as applied to his case and Wisconsin postconviction procedure, constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6). This argument is foreclosed by precedent; a change in law showing that a previous judgment may have been incorrect is not an "extraordinary circumstance" justifying relief under Rule 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005); *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013) ("Rule 60(b) cannot be used to reopen the judgment in a civil case just because later authority shows that the judgment may have been incorrect."); *Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1078 (7th Cir. 1997).

Nash's case involves the "mundane" and "hardly extraordinary" situation in which the district court applied the governing rule of procedural default at the time of its decision and the caselaw changed after judgment became final. *See Gonzalez*, 545 U.S. at 536; *Hill*, 722 F.3d at 938 ("[L]egal developments after a judgment becomes final do not qualify as extraordinary."); *Norgaard*, 121 F.3d at 1078. Nash could have appealed and made the arguments that the petitioners made in *Maples*, *Martinez*, and *Trevino*. His failure to do so does not make the circumstances of his case extraordinary. *See Gonzalez*, 545 U.S. at 537; *Hill*, 722 F.3d at 938–39 ("[A] litigant who bypasses arguments on appeal cannot depict his own omission as an

'extraordinary' event that justifies post-judgment relief."); *West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007); *Norgaard*, 121 F.3d at 1078.

The change in law here is even less extraordinary because *Maples*, *Martinez*, and *Trevino* do not establish that the district court's decision was incorrect. In *Maples* counsel abandoned the petitioner without warning, and the petitioner lost his *only* opportunity to timely appeal from the denial of his postconviction petition. 132 S. Ct. at 916–17, 920–21. Here, in contrast, although Nash's counsel abandoned him without warning, Nash did not lose his opportunity to pursue postconviction relief or appeal. As the circuit court advised him, he could have sought reinstatement of his postconviction and appeal rights, which would have allowed him to bring his collateral challenge with new appointed counsel. *See* WIS. STAT. § 809.82(2)(a); *Walker*, 716 N.W.2d at 505–06; *Evans*, 682 N.W.2d at 793–94. He did not do so. His procedural default is attributable to his own failure to invoke this procedure.

Likewise, *Martinez* and *Trevino* do not directly call the district court's decision into question. In *Martinez* and *Trevino*, the Supreme Court held that procedural default caused by ineffective postconviction counsel may be excused if state law, either expressly or in practice, confines claims of trial counsel's ineffectiveness exclusively to collateral review. *Trevino*, 133 S. Ct. at 1921; *Martinez*, 132 S. Ct. at 1315. Wisconsin law expressly allows—indeed, in most cases requires—defendants to raise claims of ineffective assistance of trial counsel as part of a consolidated and counseled *direct* appeal, and provides an opportunity to develop an expanded record. *See Evans*,

682 N.W.2d at 793–94. True, Nash's trial counsel neglected to file the notice of intent to mount such a challenge. But as we have explained, Wisconsin provides a procedure through which Nash easily could have remedied counsel's omission and started the plenary postconviction process anew. *See* WIS. STAT. § 809.82(2)(a); *Walker*, 716 N.W.2d at 505–06; *Evans*, 682 N.W.2d at 793–94. Indeed, the circuit court specifically told him how to avail himself of this process, but Nash did not do so.

For these reasons, the judgment of the district court is AFFIRMED.