NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 7, 2014[*]
Decided May 9, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-1086

| | |
|---|---|
| In re: | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| BRIAN LEE SPURLOCK and SALLY MICHELLE SPURLOCK, *Debtors–Appellants*. | No. 1:13-cv-01765-SEB-TAB |
| | Sarah Evans Barker, *Judge*. |

## O R D E R

After Brian and Sally Spurlock defaulted on their home mortgage, an Indiana court issued an order of foreclosure to MorEquity, Inc., which holds the note. While that foreclosure action was pending, the Spurlocks petitioned for bankruptcy. They did not oppose an order exempting MorEquity from the automatic stay, see 11 U.S.C. § 362, but a year later, after their mortgage had been foreclosed, the Spurlocks asked the bankruptcy

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

court to revise the language of its order lifting the stay. The bankruptcy court declined, the district court upheld that decision, and the Spurlocks now appeal to this court. We affirm the district court's judgment.

The Spurlocks were represented by counsel when they filed a Chapter 13 bankruptcy petition in early 2012. When MorEquity moved in April to lift the automatic stay, the Spurlocks initially objected on the ground that MorEquity was not a "party in interest," see 11 U.S.C. § 362(d)(1), and therefore lacked standing to file the motion. They withdrew their objection, however, after MorEquity tendered copies of the promissory note and mortgage. At the same time, the Spurlocks notified the bankruptcy court that they would surrender their home, in which they have no equity. The bankruptcy court lifted the stay and allowed the foreclosure to proceed. That June 2012 order, together with the Chapter 13 plan later proposed by the debtors and confirmed by the bankruptcy court, memorializes the estate's abandonment of the property and the Spurlocks' stated intention to surrender the house to MorEquity. The bankruptcy court's order also states that "MorEquity is the holder and party entitled to enforce the Note" and that "the Note is secured by a *valid* first priority Mortgage" (emphasis added). The Spurlocks did not object to the language of this order or appeal its entry. See *In re Boomgarden*, 780 F.2d 657, 659–60 (7th Cir. 1985) (noting that order granting relief from automatic stay is immediately appealable under 28 U.S.C. § 158(a)); *Old W. Annuity & Life Ins. Co. v. Apollo Grp.*, 605 F.3d 856, 862 (11th Cir. 2010) (same).

Less than two weeks later, the state court entered a judgment of foreclosure. The Spurlocks appealed that judgment, which MorEquity defended on the ground of issue preclusion because, the company asserted, the validity of the note and the mortgage had been litigated in the bankruptcy court. MorEquity cited the order lifting the stay, focusing on the language saying that it held and was entitled to enforce the note and that a "valid" mortgage secured the note. The Court of Appeals of Indiana accepted this reasoning and dismissed the appeal, concluding that the order lifting the automatic stay establishes that the Spurlocks' defenses to the foreclosure "were expressly adjudicated in a bankruptcy proceeding." *Spurlock v. MorEquity, Inc.*, 985 N.E.2d 80, 2013 WL 980031, at *3 (Ind. Ct. App. 2013) (unpublished table decision).

That appellate decision was issued in March 2013. Three months later, while their petition for transfer to the state supreme court was pending, the Spurlocks filed a motion in the bankruptcy court citing Federal Rule of Civil Procedure 60, which is made applicable to bankruptcy proceedings by Bankruptcy Rule 9024. The Spurlocks, still represented by counsel, argued that the bankruptcy court had not determined that MorEquity held an

enforceable note or mortgage and thus the bankruptcy court should remove from its June 2012 order lifting the automatic stay "any language regarding the validity or enforceability of the note and lien in question." At that point, the order lifting the stay was a year old, and almost nine months had passed since the debtors' Chapter 13 plan was confirmed. The bankruptcy court rejected the Spurlocks' argument and then denied their motion for reconsideration. By the time the district court ruled against the Spurlocks on appeal, the Indiana Supreme Court had denied their petition for transfer.

The Spurlocks no longer are represented by counsel. In this court they again contend that the bankruptcy judge should have revisited the year-old order lifting the automatic stay and excised the word "valid" because, they maintain, no determination had been made about the validity of the note or the mortgage. The Spurlocks further assert that they are entitled to litigate the validity of the note and the mortgage in adversarial proceedings in the bankruptcy court.

We conclude that this appeal, like the motion that precipitated it, is without merit. We review the denial of a motion under Rule 60(b) for abuse of discretion. See *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014). The Spurlocks had proposed in their confirmed Chapter 13 plan to surrender the property to MorEquity. The time to object to the use of the word "valid" in the bankruptcy court's order was at the time of the June 2012 judgment or in a proper appeal from it, but the Spurlocks did neither. Had they taken either avenue, then any possible error in that part of the bankruptcy court's judgment could have been assessed, and the Indiana courts might have seen the case differently. We make no comment here on the correctness of the state courts' decision to apply issue preclusion to the bankruptcy court's order, as that question is not properly before us.

For some time now, the Spurlocks have been attempting to undermine their own plan by opposing MorEquity in the foreclosure proceedings. After they lost the appeal of their foreclosure judgment in state court, they returned to the bankruptcy court seeking the extraordinary relief provided by Bankruptcy Rule 9024. But that rule, like Federal Rule of Civil Procedure 60(b), does not permit a general re-opening of an earlier judgment. We are satisfied that the bankruptcy court did not abuse its discretion by denying the Spurlocks' motion to reopen, which was simply a thinly disguised effort to mount a collateral attack on the state-court order of foreclosure.

**AFFIRMED.**