COURT OF APPEALS
DECISION
DATED AND FILED

March 4, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1775-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF198

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DOMINIC RANDALL WHITE-ANDREWS,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: J.D. WATTS, Judge. *Modified and, as modified, affirmed.*

Before White, C.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Dominic Randall White-Andrews appeals from a judgment of conviction for one count of attempt to expose his genitals to a child and one count of child enticement. For the reasons set forth below, we affirm.[1]

## BACKGROUND

¶2 The State charged White-Andrews with one count of child enticement, a Class D felony contrary to WIS. STAT. § 948.07(3), for an incident from September 2014 during a child's birthday party.[2] As alleged in the criminal complaint, Arianna[3] was in the bathroom filling a squirt gun at the sink when White-Andrews came in, closed the door, and asked if Arianna would tell. White-Andrews began to unbutton his pants, and Arianna screamed, began to cry, and ran

---

[1] The judgment of conviction reflects that White-Andrews was convicted of the completed crime of exposing his genitals to a child, contrary to WIS. STAT. § 948.10(1) (2023-24), as a Class I felony. However, the record clearly reflects that the conviction should be one for attempt to expose his genitals to a child as a Class A misdemeanor, *see* WIS. STAT. § 939.32(1)(bm), and the judgment of conviction reflecting a Class I felony is in error. Therefore, upon remand, this court directs that the judgment of conviction be amended to reflect the conviction of attempt to expose his genitals to a child as a Class A misdemeanor contrary to §§ 948.10(1) and 939.32(1)(bm). *See State v. Prihoda*, 2000 WI 123, ¶17, 239 Wis. 2d 244, 618 N.W.2d 857; *see also State v. Schwind*, 2019 WI 48, ¶30 n.5, 386 Wis. 2d 526, 926 N.W.2d 742 ("Correcting a clerical error in a judgment does not constitute a modification of that judgment; rather, it is simply a correction of the record to reflect the judgment the circuit court actually rendered.").

All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted. We recognize that the events underlying the charge occurred in 2014 while a prior version of the statutes was in effect. However, we discern no relevant changes to the pertinent statutes.

[2] In the same criminal complaint, the State charged White-Andrews with a second count of child enticement for an incident in 2019 involving a second child victim. White-Andrews was jointly tried and convicted of this count of child enticement. He has not raised any argument on appeal regarding the conviction for this count, and therefore, we do not discuss it further. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

[3] Consistent with the briefing, this court employs the pseudonym Arianna in reference to the child victim in this matter. *See* WIS. STAT. RULE 809.86.

out of the bathroom. The case proceeded to a bench trial where the State presented testimony from Arianna, her mother, and others who were in attendance at the birthday party.

¶3    During the testimony from one of the State's witnesses, the trial court interrupted to hold a sidebar. Following the sidebar, the witness was excused, and the trial court stated for the record that it had raised an issue during the sidebar and was "going to take a moment because [it] had a lot to say." The trial court continued:

> I understand that this is in the middle of the case and perhaps should wait until the end. However, it's causing a concern that the [c]ourt has that we're not using our time well, and based on [the] fact that the [c]ourt is both the factfinder and the law it creates this dynamic tension, but as the [j]udge who is in charge of the law, I cannot avoid this issue, and the issue is one of law.

The trial court emphasized that a charge of child enticement required that the defendant caused the child to go into a room or excluded place, and the trial court's "concern [was] this causation and whether it's completed causation or attempted causation." The trial court analyzed the statute, jury instruction, and case law on the element of causing a child to go into a room or excluded place and stated:

> So the [c]ourt's heard a bit of testimony, and I think the most important testimony was that of the victim, and the adults certainly have corroborated many aspects of the event, but in this [c]ourt's view the State cannot prevail on this issue of attempting to cause or causing the victim to go into any room or excluded place because closing the door might make the room more excluded or doesn't change the aspect, but there is no causing to go anywhere.

Thus, the trial court allowed for a recess for the State and the defense to conduct research on the charge and the ability of the trial court to amend the charge pursuant to WIS. STAT. § 971.29(2).

¶4      When the parties returned, the State moved to amend the charge to attempted first-degree sexual assault of a child, a Class B felony contrary to WIS. STAT. § 948.02.  The defense objected to the amendment and stated that, while the defense would still argue against it, "[w]hat would be more appropriate in my opinion would be an attempt of … exposing genitals, pubic hair, or intimate parts."  The trial court ultimately rejected the State's request to amend the charge to attempted first-degree sexual assault of a child because of the resulting prejudice, and the trial court accepted an amendment to the charge of attempt to expose his genitals to a child, a Class A misdemeanor contrary to WIS. STAT. §§ 948.10(1), 939.32(1)(bm).

¶5      Following the amendment, the trial continued with additional witnesses for the State.  White-Andrews did not testify and presented no witnesses.

¶6      The trial court found White-Andrews guilty of attempt to expose his genitals to a child, and he was sentenced to nine months in the House of Correction.[4]  White-Andrews now appeals.

---

[4] White-Andrews' sentence is consecutive to the sentence imposed for his conviction on count two for child enticement, for which he received fifteen years of imprisonment bifurcated as ten years of initial confinement and five years of extended supervision.

## DISCUSSION

¶7    On appeal, White-Andrews argues that his conviction should be vacated because the trial court committed plain error when it interjected during the bench trial and offered the State a chance to amend the charge. We disagree, and we conclude that, assuming the existence of an error, any error was harmless.

¶8    As a threshold matter, the State argues that we must consider whether White-Andrews forfeited his plain error argument that he raises on appeal by failing to raise the argument below and by failing to file a postconviction motion. Arguments must generally be raised before the trial court, and a postconviction motion is ordinarily a prerequisite to appellate review, unless the issue raised is one of sufficiency of the evidence or an issue previously raised before the trial court. *See* *State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727; *State v. Walker*, 2006 WI 82, ¶31, 292 Wis. 2d 326, 716 N.W.2d 498; *see also* WIS. STAT. RULE 809.30(2)(h); WIS. STAT. § 974.02(2). However, we overlook the failure here in the interest of judicial efficiency and because the issue of plain error is fully briefed. Thus, we return to the plain error argument that White-Andrews raises on appeal.

¶9    The plain error doctrine "allows appellate courts to review errors that were otherwise waived by a party's failure to object." *State v. Jorgensen*, 2008 WI 60, ¶21, 310 Wis. 2d 138, 754 N.W.2d 77. Plain error is "error so fundamental that a new trial or other relief must be granted even though the action was not objected to at the time." *Id.* (citation omitted). The error must also be "obvious and substantial." *Id.* (citation omitted). "If the defendant shows that the unobjected to error is fundamental, obvious, and substantial, the burden then shifts to the State to show the error was harmless." *Id.*, ¶23. In determining whether the

error was harmless, we ask "whether the State can prove 'beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *Id.* (citation omitted).

¶10    In this case, we conclude that any assumed error was harmless because the offense of attempt to expose genitals, pubic area, or intimate parts to a child, contrary to WIS. STAT. §§ 948.10, 939.32(1)(bm), is a lesser-included offense to the original charge of child enticement, contrary to WIS. STAT. § 948.07.

¶11    We use the elements-only test codified in WIS. STAT. § 939.66(1) to determine whether WIS. STAT. § 948.10(1) is a lesser-included offense of WIS. STAT. § 948.07(3).  The elements-only test found in § 939.66(1) states that "[a] crime which does not require proof of any fact in addition to those which must be proved for the crime charged" is an included crime for which the defendant may be convicted.

¶12    Pursuant to White-Andrews' original charge of child enticement contrary to WIS. STAT. § 948.07(3), the State was required to prove that White-Andrews, with intent to expose his genitals, pubic area, or intimate parts to a child in violation of WIS. STAT. § 948.10, caused Arianna, a child who had not attained the age of eighteen years, to go into any room or secluded place.  *See* § 948.07(3); WIS JI—CRIMINAL 2134.  In comparison, the amended charge of attempt to expose genitals, pubic area, or intimate parts to a child required the State to prove that White-Andrews attempted to expose his genitals, pubic area, or intimate parts to Arianna, a child who had not attained the age of eighteen years, for the purpose of sexual arousal or sexual gratification.  *See* §§ 948.10, 939.32(1)(bm); WIS JI—CRIMINAL 2140.

¶13 The offense of child enticement required the State to prove all the elements of WIS. STAT. § 948.10 given that exposure of genitals, pubic area, or intimate parts for child enticement is defined in reference to a violation of WIS. STAT. § 948.10. *See* WIS. STAT. § 948.07(3) (defining exposure of one's genitals, pubic area, or intimate parts as "in violation of [§] 948.10"). However, child enticement required proof of one additional element—namely, proof of the additional element that White-Andrews caused Arianna to go into a room or other secluded place. *See* WIS. STAT. § 939.66(1). Thus, we consider the amended charge of attempt to expose genitals, pubic area, or intimate parts to a child in violation of § 948.10(1) to be a lesser-included offense of the original charge of child enticement in violation of § 948.07(3).[5]

¶14 "When a defendant is charged with a crime he is automatically put on notice that he is subject to an alternative conviction of any lesser[-]included crime; the whole contains all its parts." **Dunn v. State**, 55 Wis. 2d 192, 197, 197 N.W.2d 749 (1972). The doctrine of lesser-included offenses provides the factfinder with "an option to convicting or acquitting the defendant of the greater offense, when the evidence shows that the defendant may be guilty of a crime similar to but not necessarily the same as the one charged; a conviction may thus conform more accurately to the offense committed." **State v. Carrington**, 134 Wis. 2d 260, 263, 397 N.W.2d 484 (1986). Moreover, if there is a reasonable doubt "as to some particular element included in the higher degree of crime," the lesser-included offense may be submitted. **State v. Foster**, 191 Wis. 2d 14, 23,

---

[5] Additionally, pursuant to WIS. STAT. § 939.66(4), attempt is a lesser-included offense of any completed crime. Therefore, an attempt to commit a violation of WIS. STAT. § 948.10(1) is automatically a lesser-included offense to the completed crime.

528 N.W.2d 22 (Ct. App. 1995). The trial court also has the authority to *sua sponte* offer instructions to a jury on a lesser-included offense when the trial court deems appropriate. *See **State v. Felton**,* 110 Wis. 2d 485, 513, 329 N.W.2d 161 (1983); ***Neuenfeldt v. State***, 29 Wis. 2d 20, 31-32, 138 N.W.2d 252 (1965).

¶15 Thus, had the trial court not interrupted the trial and offered the State the chance to amend the charge, the trial court could nonetheless still have found White-Andrews guilty of the lesser-included offense of attempted exposure to a child. The record reflects that the trial court had doubts as to the causation element of child enticement, and even if it had not interrupted during the trial and raised its concern, the trial court, as the factfinder, had the ability to consider the lesser-included offense of attempted exposure. In other words, the amendment to the lesser-included offense of attempted exposure was harmless as it was an offense that ultimately could have been considered by the trial court as a lesser-included offense that conformed to the evidence presented at trial.

¶16 Consequently, we reject White-Andrews' argument and affirm the judgment.

*By the Court.*—Judgment modified and, as modified, affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.