```
┌─────────────────────────────────────────┐
│        NONPRECEDENTIAL DISPOSITION        │
│         To be cited only in accordance with │
│              Fed. R. App. P. 32.1          │
└─────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2014[*]
Decided March 12, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-3256

| | |
|---|---|
| NIKKI LEE, | Appeal from the United States District |
| *Defendant–Appellant*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 13-CV-00126 |
| LELAND G. CHRISTENSON II, | |
| *Plaintiff–Appellee*. | Lynn Adelman, |
| | *Judge*. |

**O R D E R**

After Nikki Lee filed for bankruptcy, Leland Christenson (one of his creditors) initiated an adversary proceeding against him based on a state-law claim of fraud. The bankruptcy judge determined the size of the debt, ruled that it was nondischargeable, and entered a money judgment against Lee. More than two years later, Lee moved under Federal Rule of Civil Procedure 60(b)(4) to reopen the case, arguing that the

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), rendered the judgment void. The bankruptcy court denied the motion, and the district court affirmed. Because the bankruptcy court had sufficient authority to enter judgment, we affirm the ruling of the district court.

Lee filed for Chapter 7 bankruptcy in 2008, listing Christenson as a potential creditor because Christenson was suing Lee in state court. Christenson then initiated an adversary proceeding, asking the bankruptcy court to rule that Lee's liability for his state-law claim was nondischargeable under 11 U.S.C. § 523(a)(2)(A) as a debt obtained by fraud, and to enter judgment on the claim. After a trial, the bankruptcy judge determined the magnitude of the debt, ruled that it was procured by fraud and thus nondischargeable, and entered judgment against Lee in the amount of $44,289.84. The adversary proceeding and bankruptcy case closed in June 2010.

More than a year later, the U.S. Trustee successfully moved to reopen Lee's bankruptcy case to administer assets that Lee had concealed during the earlier proceedings. Lee then moved under Federal Rule of Civil Procedure 60(b)(4)—made applicable to bankruptcy proceedings by Bankruptcy Rule 9024—to vacate the bankruptcy court's judgment on Christenson's state-law claim. He contended that the judgment was void under *Stern*. *Stern* held that a bankruptcy court has no constitutional authority to decide a debtor's state-law counterclaim against a creditor if ruling on the creditor's proof of claim does not also resolve the counterclaim. *See Stern*, 131 S. Ct. at 2620. Under *Stern*, Lee argued, the bankruptcy court should not have resolved Christenson's fraud claim when it determined the claim's dischargeability; the fraud claim, he contended, should have been litigated in state court. The bankruptcy court denied the motion, concluding that *Stern* had no bearing on a bankruptcy court's authority to decide a state-law claim when also deciding its dischargeability.

Lee appealed this decision to the district court, which affirmed the bankruptcy court's decision. The district court observed that the judgment against Lee would be void only if there were no arguable basis for the bankruptcy court's authority to enter its judgment. But, the court pointed out, this circuit's pre-*Stern* precedent permitted a bankruptcy court to enter judgment on a creditor's state-law claim when determining the dischargeability of a debt, *see In re Hallahan*, 936 F.2d 1496, 1508 (7th Cir. 1991), and *Stern* did not expressly overrule this precedent. Therefore, the court concluded, the bankruptcy court had arguable jurisdiction.

On appeal, Lee maintains that, under *Stern*, the bankruptcy court lacked the authority to enter the money judgment against him, but for two reasons we agree with

the district court that the judgment must stand. First, when a party uses Rule 60(b)(4) to collaterally attack a judgment as void because of a jurisdictional defect, relief is available "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010); *see United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) ("Only when the jurisdictional error is 'egregious' will courts treat the judgment as void."). *Stern* limits a bankruptcy court's power to decide a debtor's state-law counterclaim against a creditor when resolving the creditor's proof of claim. But it is unclear whether *Stern* also restricts a bankruptcy court's power to resolve a creditor's state-law claim when the court decides whether that claim is nondischargeable. Without clarity on that issue, the bankruptcy court had at least arguable jurisdiction to decide Christenson's state-law claim, and the district court correctly ruled that the judgment is not void.

Second, even if *Stern* concerned the issue in this case, Lee does not explain how the Court's decision—rendered a year after the close of Lee's bankruptcy case and adversary proceeding—could apply retroactively to the judgment here. "[R]elief under Rule 60(b) is proper only under extraordinary circumstances," and "legal developments after a judgment becomes final do not qualify as extraordinary." *Hill v. Rios*, 722 F.3d 937, 938 (7th Cir. 2013); *see Shah v. Holder*, 736 F.3d 1125, 1127 (7th Cir. 2013) ("District courts cannot use Rule 60(b)(6) to apply new decisions retroactively to closed civil cases."). As the district court correctly observed and as Lee does not contest, the bankruptcy court's exercise of jurisdiction was correct at the time of its decision. *See In re Hallahan*, 936 F.2d at 1508. If Lee disagreed with that exercise of jurisdiction, his remedy was to appeal directly—as the litigants in *Stern* did. Accordingly, the court properly denied Lee's motion for this reason as well.

Apart from his jurisdictional arguments, Lee also contends that the bankruptcy court should have reopened the judgment because, he asserts, Christenson's fraud claim against him is not a "debt" under the bankruptcy code, so the judgment is void. But this argument is frivolous because "[t]he Bankruptcy Code defines 'debt' very broadly as 'liability on a claim,' and 'claim' very broadly, as any 'right to payment,' whether liquidated or unliquidated, disputed or undisputed, legal or equitable." *McClellan v. Cantrell*, 217 F.3d 890, 895 (7th Cir. 2000) (citations omitted) (quoting 11 U.S.C. § 101(5), (12)).

AFFIRMED.